In the Matter of DOMINIQUE A.W. and Others, Infants. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Respondent; COLLEEN C.-G., Appellant. [794 NYS2d 195]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered May 27, 2004 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondent's parental rights, committed guardianship and custody of the children to petitioner and authorized petitioner to consent to the adoption of the children.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by vacating those parts of the first three ordering paragraphs with respect to Dominique A.W. and as modified the order is affirmed without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order of disposition that, upon a finding of permanent neglect, terminated her parental rights with respect to five of her children, committed their guardianship and custody to petitioner, and freed them for adoption. Contrary to the contention of respondent, Family Court did not abuse its discretion in terminating her parental rights with respect to her four younger children and freeing those children for adoption rather than entering a suspended judgment with respect to those children (*see Matter of Philip D.*, 266 AD2d 909 [1999]; *see also Matter of Stephen S.*, 12 AD3d 1181, 1182 [2004]; *Matter of Susan C.*, 1 AD3d 991 [2003]). "The court's focus at the dispositional hearing is the best interests of the child[ren] . . . [and] [t]he court's assessment that respondent was not likely to change [her] behavior is entitled to great deference" (*Philip D.*, 266 AD2d at 909). In addition, the record establishes that the respective foster mothers of those children wish to adopt them (*see id.*). Thus, petitioner established that it is in the best interests of those children to be freed for adoption (*see id.*; *see also* Family Ct Act § 631; *Matter of Jason J.*, 283 AD2d 982 [2001]).

We agree with respondent, however, that on the record before us the court abused its discretion in terminating respondent's parental rights with respect to the oldest child, Dominique. A separate termination proceeding was commenced against Dominique's father and, according to the record, he lives in another part of the country and stated that he wished to surrender his parental rights. Dominique is now 17 years old and is residing in a residential facility. At the time of the dispositional hearing, there was no prospective adoptive home for Dominique and petitioner was in the process of developing an independent living plan for her.

One law guardian represented all five children and, while he spoke favorably with respect to the prospective adoptive mothers of the four younger children, he failed to address Dominique's situation. Indeed, at oral argument of this appeal the law guardian acknowledged that he had never met Dominique and opined that she was at least 16 years of age. He understood that she was then "AWOL" from a residential facility. Such a possibility is not mentioned in the record.

The Guidelines for Law Guardians in the Fourth Department

issued in 1987 by the Departmental Advisory Committee of the Fourth Department Law Guardian Program provide in relevant part with respect to permanent neglect proceedings that, before an initial appearance on behalf of a child over age three, the law guardian should arrange to visit and interview the child in an age-appropriate manner to ascertain facts concerning, inter alia, the child's wishes and needs. After the fact-finding hearing, the child should be consulted and apprised of the specific dispositional plans proposed. At the dispositional hearing, the law guardian should, inter alia, present and advocate a specific dispositional plan to the court and inform the court of the child's wishes. None of those services was provided to Dominique.

The New York State Bar Association's Committee on Children and the Law has also promulgated Law Guardian Representation Standards with respect to, inter alia, proceedings for the termination of parental rights. Standard A-4 of part IV provides that the law guardian should interview the child to ascertain detailed facts and the child's wishes concerning placement and adoption. Standard A-5 of part IV provides that the child "should be advised, in terms the child can understand, of the nature of the proceeding, the child's rights, the parents' rights, the role and responsibility of the agency, the court, the foster parents and the law guardian, the attorney-client privilege and the possible dispositional alternatives available to the court." Standard D-1 of part IV provides that the law guardian "should present and advocate a specific dispositional plan to the court and apprise the court of the child's wishes." Finally, Standard E-1 of part IV provides that the law guardian should explain to the child "the disposition and its consequences, the rights and possibilities and post-disposition motions and hearings and the responsibilities of each of the parties." None of the above standards has been met, and we note that in fact the court seemed confused about the plan for Dominique.

The termination of respondent's parental rights with respect to Dominique will result in " 'legal orphanage' " (*Matter of Amber AA.*, 301 AD2d 694, 697 [2003]) and we conclude that, despite the failure of respondent to address the specific problem that led to Dominique's removal, the termination of respondent's parental rights with respect to Dominique may not be in Dominique's best interests (*see id.* at 697-698; *Matter of Michael E.*, 241 AD2d 635, 638 [1997]). We therefore modify the order by vacating those parts terminating respondent's parental rights with respect to Dominique, committing her guardianship and custody to petitioner and freeing her for adoption, and we remit the matter to Family Court for appointment of a different law

guardian and a new dispositional hearing. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.