■■■ In the Matter of DAVONA L., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID L., Appellant. [845 NYS2d 887]—

Appeal from an order of the Family Court, Onondaga County (Martha Walsh Hood, J.), entered August 30, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, revoked a suspended judgment and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent father contends that Family Court erred in revoking a suspended judgment entered upon his consent to a finding of permanent neglect and in terminating his parental rights. We affirm. "Family Court Act §§ 631 and 633 allow a court to suspend judgment for up to one year, providing a brief grace period designed to prepare a parent, previously found to have permanently neglected his or her child, to be reunited with the child" (*Matter of Nikkias T.*, 32 AD3d 1220, 1221 [2006], *lv denied* 7 NY3d 716 [2006]; *see Matter of Michael B.*, 80 NY2d 299, 310-311 [1992]). Here, petitioner established by the requisite preponderance of the evidence that the father failed to comply with the terms and conditions set forth in the suspended judgment, and thus the court properly revoked the suspended judgment and terminated the father's parental rights (*see Nikkias T.*, 32 AD3d 1220 [2006]; *see Matter of Terry L.G.*, 6 AD3d 1144 [2004]). We note that, while the Law Guardian should have informed the court of the child's wishes pursuant to the Guidelines for Law Guardians in the Fourth Department, the Law Guardian's failure to do so did not prevent the court from considering the child's best interests (*cf. Matter of Dominique A.W.*, 17 AD3d 1038, 1039-1040 [2005], *lv denied* 5 NY3d 706 [2005]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.