■ In the Matter of MARK T., Appellant, v JOYANNA U. et al., Respondents. (And Another Related Proceeding.) [882 NYS2d 773]—

Malone Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 27, 2008, which, among other things, in a proceeding pursuant to Family Ct Act article 5, granted the motion of respondent Joyanna U. to dismiss the petition.

In December 1996, petitioner and respondent Joyanna U. (hereinafter the mother) engaged in a sexual relationship. At

that time, the mother was also engaged in a sexual relationship with respondent Paul V. (hereinafter respondent). The following month, petitioner assaulted respondent, was arrested and incarcerated. The mother and respondent were married several days later and the subject child was born in October 1997. After respondent and the mother divorced in 2007, petitioner commenced this paternity proceeding, seeking a DNA test to establish that he was the biological father of the subject child and, in addition, petitioned for visitation. The mother moved to dismiss the paternity petition based on the ground of equitable estoppel. After conducting a hearing, Family Court granted the motion and also dismissed the visitation petition. Petitioner appeals. No appeal has been taken on behalf of the child.

The child is represented by a different attorney on this appeal, who filed a brief in support of an affirmance of Family Court's order, which is a position counter to that taken by the attorney representing the child in Family Court. While taking a different position on behalf of a child on appeal is not necessarily unusual, the child's appellate attorney appeared at oral argument and, in response to questions from the court, revealed that he had neither met nor spoken with the child. He explained that, while he did not know the child's position on this appeal, he was able to determine his client's position at the time of the trial from his review of the record and decided that supporting an affirmance would be in the $11^{1/2}$-year-old child's best interests.

In establishing a system for providing legal representation to children, the Family Ct Act identifies, as one of the primary obligations of the attorney for the child, helping the child articulate his or her position to the court (see Family Ct Act § 241). As with the representation of any client, whether it be at the trial level or at the appellate level, this responsibility requires consulting with and counseling the client. Moreover, expressing the child's position to the court, once it has been determined with the advice of counsel, is generally a straightforward obligation, regardless of the opinion of the attorney. The Rules of the Chief Judge (22 NYCRR 7.2) direct that in all proceedings other than juvenile delinquency and person in need of supervision cases, the child's attorney "must zealously advocate *the child's position*" (22 NYCRR 7.2 [d] [emphasis added]) and that, in order to determine the child's position, the attorney "must consult with and advise the child to the extent of and in a manner consistent with the child's capacities" (22 NYCRR 7.2 [d] [1]). The rule also states that "the attorney for the child should be directed by the wishes of the child, even if the attorney for the

child believes that what the child wants is not in the child's best interests" and that the attorney "should explain fully the options available to the child, and may recommend to the child a course of action that in the attorney's view would best promote the child's interests" (22 NYCRR 7.2 [d] [2]). The rule further advises that the attorney representing the child would be justified in advocating a position that is contrary to the child's wishes when he or she "is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]). In such situations the attorney must still "inform the court of the child's articulated wishes if the child wants the attorney to do so" (22 NYCRR 7.2 [d] [3]; *see Matter of Carballeira v Shumway*, 273 AD2d 753, 754-757 [2000], *lv denied* 95 NY2d 764 [2000]). The New York State Bar Association Standards for representing children strike a similar theme in underscoring the ethical responsibilities of attorneys representing children, including the obligation to consult with and counsel the child and to provide client-directed representation (*see generally* NY St Bar Assn Standards for Attorneys Representing Children in Custody, Visitation and Guardianship Proceedings [June 2008]; NY St Bar Assn Standards for Attorneys Representing Children in New York Child Protective, Foster Care, and Termination of Parental Rights Proceedings [June 2007]).

In October 2007, the Administrative Board of the Courts of New York issued a policy statement, entitled "Summary of Responsibilities of the Attorney for the Child," which outlines the necessary steps that form the core of effective representation of children. These enumerated responsibilities, which apply equally to appellate counsel, include—but are not limited to—the obligation to: "(1) [c]ommence representation of the child promptly upon being notified of the appointment; (2) [c]ontact, interview and provide initial services to the child at the earliest practical opportunity, and prior to the first court appearance when feasible; (3) [c]onsult with and advise the child regularly concerning the course of the proceeding, maintain contact with the child so as to be aware of and respond to the child's concerns and significant changes in the child's circumstances, and remain accessible to the child."

Clearly, the child in this proceeding has not received meaningful assistance of appellate counsel (*see Matter of Dominique A.W.*, 17 AD3d 1038, 1040 [2005], *lv denied* 5 NY3d 706 [2005]; *Matter of Jamie TT.*, 191 AD2d 132, 135-137 [1993]). He was, at

the least, entitled to consult with and be counseled by his assigned attorney, to have the appellate process explained, to have his questions answered, to have the opportunity to articulate a position which—with the passage of time—may have changed, and to explore whether to seek an extension of time within which to bring his own appeal of Family Court's order. Likewise the child was entitled to be appraised of the progress of the proceedings throughout. It appears that none of these services was provided to the child (see Matter of Dominique A.W., 17 AD3d at 1040-1041).

Moreover, while the record reflects the position taken by the attorney for the child in Family Court, there is nothing in the record to indicate that the child—who was 11½ years of age at the time of the argument of the appeal—suffered from any infirmity which might limit his ability to make a reasoned decision as to what position his appellate attorney should take on his behalf. Indeed, absent any of the extenuating circumstances set forth in 22 NYCRR 7.2 (d) (3), the appellate attorney herein should have met with the child and should have been directed by the wishes of the child, even if he believed that what the child wanted was not in the child's best interests (see 22 NYCRR 7.2 [d] [2]). By proceeding on the appeal without consulting and advising his client, appellate counsel failed to fulfill his essential obligation (see Matter of Jamie TT., 191 AD2d at 136-138).

Accordingly, the child's appellate counsel will be relieved of his assignment, a new appellate attorney will be assigned to represent the child to address any issue that the record may disclose, and the decision of this Court will be withheld.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is withheld, appellate counsel for the child is relieved of assignment and new counsel to be assigned to represent the child on this appeal.