■ In the Matter of BRIAN KRIEGER, Respondent, v TRACI KRIEGER, Respondent. JANIS PARAZZELLI, Nonparty Appellant. [886 NYS2d 463]—

In a child custody proceeding pursuant to Family Court Act article 6, the attorney for the child appeals, as limited by her brief, from so much of an order of the Family Court, Nassau

County (Phillips, Ct Atty Referee), dated April 14, 2008, as, upon the mother's default in personally appearing on scheduled hearing dates, granted the father's petition to modify an order of the same court dated January 5, 2006, inter alia, awarding the parties joint custody of the subject child, so as to allow the father to relocate with the child to the State of Ohio, and awarded sole custody of the child to the father.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.

By order dated January 5, 2006, entered on consent of the parties, inter alia, the parties were awarded joint custody of their adolescent daughter, with residential custody to the father. In May 2007, the father filed a petition to modify the order dated January 5, 2006, so as to allow him to relocate with the child to the State of Ohio. By order dated April 14, 2008, upon the mother's default in personally appearing on scheduled hearing dates, the Family Court granted the father's petition, and awarded sole custody of the child to the father.

The attorney for the child appeals from the order dated April 14, 2008, asserting that a number of errors were committed by the Family Court which require reversal of the award of sole custody to the father and the grant of permission for him to relocate with the child to the State of Ohio.

The appointment of an attorney to represent a child in Family Court proceedings, whether the appointment is required by statute or, as in this case, the appointment is made in the court's discretion, is based on the legislative determination "that counsel is often indispensable to a practical realization of due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition" (Family Ct Act § 241).

The right to counsel has been held to imply "that the court will afford a respondent and his or her attorney a reasonable opportunity to appear and present evidence and arguments" (*Matter of Scott v Scott*, 62 AD3d 714, 715 [2009]). An attorney appointed to represent a child in a Family Court proceeding should be accorded the same reasonable opportunity to appear and present evidence and arguments on behalf of the child as is accorded the child's mother or father, or other interested party.

Under the circumstances of this case, the Family Court improvidently exercised its discretion in failing to adjourn the hearing to provide the attorney for the child with a reasonable opportunity to present additional witnesses (*see Matter of*

*Czaban v Czaban*, 24 AD3d 547 [2005]; *cf. Matter of Steven B.*, 6 NY3d 888 [2006]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]).

The rules applicable to the representation of a child in a Family Court proceeding require that the attorney adhere to the same ethical requirements applicable to all attorneys: that the attorney zealously advocate the child's position; that the attorney have a thorough knowledge of the child's circumstances; and that the attorney consult with and advise the child, consistent with the child's capacities, in ascertaining the child's position (*see* 22 NYCRR 7.2 [b], [c], [d] [1]). In addition, the attorney for the child must follow the child's wishes to refrain from taking a position for or against requested relief where the child has the capacity to take such a position and is not at imminent risk of harm, regardless of whether the attorney believes that the grant or denial of the requested relief would be in the child's best interest (*see* 22 NYCRR 7.2 [d] [2]).

The Family Court erred, however, in requiring the attorney for the child to offer expert testimony on the issues of the child's capacity to articulate her desires and whether the child would be at imminent risk of harm if she moved with the father to the State of Ohio, prior to the attorney advocating a position that could be viewed as contrary to the child's wishes. The Rules of the Chief Judge do not impose such a requirement (*see* 22 NYCRR 7.2).

The Family Court also erred in awarding sole custody of the child to the father, as the father did not request such relief in his modification petition.

Accordingly, we remit the matter to the Family Court, Nassau County, for a new hearing on the father's modification petition. Upon remittal, the hearing on the father's petition shall be conducted before a different judicial officer; and given the intemperate remarks made by the attorney for the child, and the attorney's confrontational approach toward the court, the Family Court may consider whether it is appropriate to appoint a new attorney for the child or continue the representation.

The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.