■ In the Matter of JOHN O'LOUGHLIN, Appellant, v ANNA M. SWEETLAND, Respondent. [900 NYS2d 127]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated February 17, 2009, as, without a hearing, denied his motion to vacate the parties' stipulation of settlement dated May 28, 2008, and to vacate an order of the same court dated July 24, 2008, which, upon the stipulation, inter alia, awarded the parties joint legal custody of the subject child, with residential custody to the mother, to restore the matter to the trial calendar for a continuation of the trial on the petition, or alternatively, to modify the order dated July 24, 2008, so as to award him sole legal and residential custody of the child, and granted that branch of the mother's cross motion which was "to dismiss the [father's] vacatur and custody modification applications."

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the mother's cross motion which was "to dismiss the [father's] vacatur and custody modification applications" is denied, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the father's motion, which shall include the participation of Michael H. Ahern, the attorney for the child appointed by the Family Court, and a new determination thereafter of the father's motion.

The father initiated this proceeding for custody of the parties' child in 2006. As relevant here, on May 28, 2008, after the trial commenced but before it concluded, the parties spread upon the record a stipulation pursuant to which, among other things, the parties were to have joint legal custody of the child, with the mother to have residential custody at her home in California. An order embodying the terms of the stipulation was signed on July 24, 2008. On September 18, 2008, the father moved to vacate the stipulation as well as the subsequent order, to restore the matter to the trial calendar, and for a continuation of the trial. Alternatively, he asked for modification of the order dated July 24, 2008, to award him sole legal and residential custody of the child. The mother opposed the motion, and cross-moved, inter alia, "to dismiss" it. The attorney for the child did not submit papers and, as far as this record reveals, did not otherwise submit a position on the father's motion. The Family Court denied the father's motion without a hearing, and granted that branch of the mother's cross motion which was "to dismiss" it.

Under the circumstances presented, the Family Court should

not have summarily determined the father's motion, and granted that branch of the mother's cross motion which was "to dismiss" it. The averments made by the father in his affidavit in support warranted a hearing, which should have included the participation of the attorney for the child (*see Matter of Krieger v Krieger,* 65 AD3d 1350, 1351-1352 [2009]). Accordingly, we remit the matter to the Family Court, Suffolk County, for a hearing, to include the participation of the attorney for the child previously appointed by the Family Court, for the limited purpose of determining whether vacatur of the parties' stipulation is warranted. Mastro, J.P., Miller, Austin and Roman, JJ., concur.