■ In the Matter of PAUL GOETZ, SR., Appellant, v CATHERINE M. DONNELLY, Respondent. [921 NYS2d 882]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated September 10, 2009, as, upon denying the mother's oral application to dismiss the petition, converted the application into one for summary judgment awarding sole custody to the mother, granted the mother's converted application for summary judgment, in effect, denied the petition, and awarded sole custody of the subject child to the mother.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof converting the mother's oral application to dismiss the petition into one for summary judgment awarding sole custody to the mother, (2) by deleting the provision thereof granting the mother's converted application for summary judgment, and (3) by deleting the provision thereof awarding sole custody of the subject child to the mother; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The father filed a petition seeking sole custody of the parties' child. After the Family Court held a hearing on the father's petition, it concluded that he was not entitled to sole custody, but, in addition to merely, in effect, denying the petition, summarily awarded sole custody to the mother. In the absence of an application or a motion by the mother for such relief, the Family Court erred in summarily awarding sole custody of the subject child to the mother (*see* Family Ct Act § 651 [b]; *Matter of Krieger v Krieger*, 65 AD3d 1350, 1352 [2009]; *Matter of Papandrea v Pallan*, 56 AD3d 564, 565 [2008]; *cf. Matter of Musteric v Lynch*, 58 AD3d 634 [2009]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.