In the Matter of ALYSON J. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAURIE J., Appellant. [931 NYS2d 741]—

Garry, J.

Respondent is the mother of seven children, ranging from infancy to age 10 at the outset of the legal proceedings. Four of the children have the same father, and the remaining three each have a different father, none of whom resides with respondent and the children. Petitioner commenced this proceeding in November 2009, after several indicated reports and more than a

year of assistance from petitioner and other organizations, alleging that respondent neglected her children by failing to provide them with a safe and sanitary home environment, proper supervision and adequate food, as well as by failing to maintain and teach proper hygiene.* In March 2010, Family Court temporarily removed five children from the home, allowing the two oldest sons to remain with respondent. Following the fact-finding hearing, the children were found to be neglected; following the dispositional hearing, the temporary placements were continued, with three of the children continuing in the care and custody of petitioner, the oldest daughter in the care of her father, the infant in the care of his maternal grandparents, and the two oldest sons remaining with respondent, all remaining subject to petitioner's supervision. Respondent appeals.

Respondent first argues that petitioner failed to establish neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). We disagree. A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" with regard to food, clothing, shelter, education and medical care or proper guardianship or supervision (Family Ct Act § 1012 [f] [i]). The minimum degree of care required is measured by what "a reasonable and prudent parent" would do in such circumstances (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]; see Matter of Aiden L., 47 AD3d 1089, 1090 [2008]).

Family Court based its determination on extensive testimony by two caseworkers, a parent aide, a police officer, several teachers, a school counselor and other education aides. The witnesses who visited respondent's apartments testified that conditions were unsanitary and even "unlivable." Garbage and dirty diapers were strewn about, floors were sticky, dirty dishes and food were left out and attracted flies and cockroaches, bathrooms were not cleaned or tended to, and animal and human feces were found throughout the living area. Although the caseworkers and aides offered respondent assistance and instructions in resolving these concerns, testimony revealed that any improvement was at best short-lived. The children's hygiene was repeatedly addressed by petitioner and others, to no avail. Teachers and school personnel testified that the children often arrived with dirty faces and hands and wearing clothes that emitted a foul odor, such that the children had to be bathed and provided

---

* An amended neglect petition was filed thereafter to include the youngest child.

with clean clothes at their schools. Several of the children suffered from head lice. Of great concern were the toileting problems of the two oldest boys. The oldest son, age 10 at the time of the petition, was still wearing diapers and the next son, age seven, often had accidents in his clothes. Peers reacted negatively to the odor emitted by the oldest boy, and the other son was often sent home from school. Although respondent maintained that the eldest son's problem arose from a medical issue, she failed to present any evidence supporting this assertion.

In addition to the deplorable condition of the home and the hygiene issues of the children, respondent also failed to properly supervise the children. The household was chaotic, with children fighting and running rampant. The younger children were allowed to carry the infant, and a caseworker discovered the three-year-old playing in the street. This lack of control continued even during respondent's biweekly visitation with all of the children after some were temporarily removed from her home, and a caseworker often had to step in to restore order. Further, respondent was not concerned about allowing sex offenders and other questionable individuals around the children. Given the sound and substantial basis in the record, we agree with Family Court's finding of neglect, established by a preponderance of the evidence (*see Matter of Draven I. [Jenlyn I.]*, 86 AD3d 746, 747-748 [2011]; *Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]; *Matter of David II.*, 49 AD3d 1093, 1095 [2008]).

We further disagree with respondent's contention that the attorney for the children failed to adequately represent the children's interests. The duty of the attorney for the children is to advocate and express the children's wishes to the court, but on occasion it is acceptable for counsel to deviate from this obligation; the attorney is specifically allowed to advocate a different position when the children's wishes would likely "result in a substantial risk of imminent, serious harm to the child[ren]" (22 NYCRR 7.2 [d] [3]; *see Matter of Mark T. v Joyanna U.*, 64 AD3d 1092, 1093-1094 [2009], *lv denied* 15 NY3d 715 [2010]). Here, counsel had been involved with the children for several years and was well aware of their conditions, and we will thus accept the contrary position as in the best interests of the children (*see Matter of Carolyn S. v Tompkins County Dept. of Social Servs.*, 80 AD3d 1087, 1091 [2011]; *Matter of James MM. v June OO.*, 294 AD2d 630, 633 [2002]). At the fact-finding hearing, the attorney for the children did indicate his clients' wishes, and properly informed Family Court that he was deviating from them.

Finally, lacking a notice of appeal from the appellate attorney for the children, the argument that the two oldest boys should also be placed with petitioner is not properly before us (*see Matter of Sharyn PP. v Richard QQ.*, 83 AD3d 1140, 1143-1144 [2011]).

Mercure, J.P., Peters, Stein and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.