*520 OPINION OF THE COURT
Timothy J. Lawliss, J.
On October 4, 1999, this court issued an order awarding April H. (hereinafter the mother) and Michael H. (hereinafter the father) joint legal custody of the subject child, Seth H. (d/o/b x/xx/xxxx) with the mother having primary physical custody of the subject child subject to a schedule of visitation for the father. On August 3, 2011, the father filed a modification petition under article 6 of the Family Court Act seeking sole legal and physical custody. The father alleges, among other things, that the subject child has resided with the father since June 22, 2011, when the mother essentially kicked the child out of her home. During the trial, held on November 2, 2011, the court conducted a Lincoln hearing to take the subject child’s testimony under oath. (See Matter of Lincoln v Lincoln, 24 NY2d 270 [1969].) During the Lincoln hearing, the subject child, a mature 14 year old, expressed a clear position to the court and a reasonable basis for his position. During closing arguments, the Attorney for the Child advocated for a disposition that directly contradicted the wishes of the subject child as expressed in the Lincoln hearing. As a result of the Attorney for the Child’s closing arguments, the court became concerned that the Attorney for the Child was not fulfilling her obligations under 22 NYCRR 7.2 (d). This section requires the attorney to zealously advocate for the child’s position. (See Matter of Krieger v Krieger, 65 AD3d 1350 [2d Dept 2009]; Matter of Mark T. v Joyanna U., 64 AD3d 1092 [3d Dept 2009].) Except in two circumstances, the Attorney for the Child must be directed by the wishes of the child even when the attorney believes that what the child wants is not in the child’s best interest. (See 22 NYCRR 7.2 [d] [2].) The first exception applies when the child is not capable of knowing, voluntary and considered judgment. (22 NYCRR 7.2 [d] [2]; Matter of Rosso v Gerouw-Rosso, 79 AD3d 1726 [4th Dept 2010].) The second exception applies when the child’s wishes are likely to result in substantial risk of imminent, serious harm to the child. (See 22 NYCRR 7.2 [d] [3]; Matter of Alyson J. [Laurie J.], 88 AD3d 1201 [3d Dept 2011].) On November 10, 2011, after considering the events of the trial, the court moved for a mistrial and an order assigning a new Attorney for the Child to represent the subject child’s interests going forward based upon the apparent failure of the Attorney for the Child to fulfill the attorney’s obligations under 22 NYCRR 7.2 (d). Both parties and the Attorney for the Child were given an opportunity to submit affidavits or memorandums of law in support or in opposition to the court’s motion.
*521 In response to the court’s motion, the father submitted his attorney’s brief letter asking the court to go forward and make a decision based upon the evidence submitted at trial. The mother, who represents herself, submitted an affidavit dated November 23, 2011 which in large part was a continuation of her closing arguments on the merits. To the extent that it addressed the legal issues raised by the court’s motion, the mother conceded that if the child’s wishes were followed, there would not be a substantial risk of imminent, serious harm to the child; however, the mother argued that the subject child was not capable of a considered judgment. The mother provided certain examples (which went beyond the scope of the trial record) of what she considered reckless and immature behavior that was “typical of ... an adolescent.” In the court’s opinion, by concluding that the subject child’s judgment was typical of an adolescent, the mother is in effect stating that the child is capable of knowing, voluntary and considered judgment as those terms are used by 22 NYCRR 7.2 (d). To hold otherwise would render the rule meaningless because only exceptional adolescents would be capable of knowing, voluntary and considered judgment and thus, be entitled to an attorney who zealously advocated for their desires. Clearly that was not the intent of the rule. Neither the father nor the Attorney for the Child argued that the subject child is not capable of knowing, voluntary and considered judgment.
To the Attorney for the Child’s credit, after outlining the extensive work that she performed related to this case, she frankly acknowledged that she failed to zealously advocate for her client during the closing argument. The Attorney for the Child acknowledged that although it was an honest mistake, it was a mistake. The court appreciates the Attorney for the Child’s honesty and agrees with her conclusion that the central question becomes what action should the court take now.
As noted above, the father would like the court to decide the case on the trial record. Although the mother’s response did not specifically address this issue, it appears she too would like the court to decide the case based upon the trial record. The Attorney for the Child suggests that the court decide the case based upon the evidence presented and permit the Attorney for the Child to submit a new closing argument, in writing, that reflects her client’s position. Although the court is sensitive to the time, expense and effort that the parties have put into this litigation, the court finds that it is necessary to, and hereby does, declare a mistrial for the following reasons.
*522 First, the court finds that counsel’s error was not harmless. Reasonable minds could differ regarding what order serves the best interest of the subject child and therefore, closing arguments were important in this case. If counsel elects to make a closing argument, the closing argument may not advocate for an outcome which directly opposes the child’s position (except in the two circumstances described above). Second, if the court were to ignore the Attorney for the Child’s closing argument placed upon the record and make a decision in this case based upon the rest of the record, the legitimacy of the judicial process could be reasonably questioned. If the court were to decide in the mother’s favor, a reasonable mind may be suspicious that the court was, in fact, not ignoring the Attorney for the Child’s argument. If the court were to decide in the father’s favor, a reasonable mind may be suspicious that the court was trying to manipulate the outcome in order to render this issue meaningless. Third, the court cannot be certain of the scope of the Attorney for the Child’s error. If the error went beyond closing argument, the scope of the evidence admitted may have been effected.
Given the court’s decision to declare a mistrial, it would be consistent with the administration of justice and the best interest of the child to relieve the Attorney for the Child of any further responsibilities in this matter and to assign a new attorney to represent the child’s interests going forward.
Finally, the court has considered whether or not this issue should be raised sua sponte. The court acknowledges that neither parent nor the Attorney for the Child raised the issue or asked for any relief as a result of the issue; however, the trial judge was the only person present during the Lincoln hearing other than the child and the Attorney for the Child and thus, the parents and their counsel did not have an opportunity to evaluate the testimony of the subject child. Furthermore, the court has an obligation to ensure that an individual’s right to zealous advocacy is protected. (See Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2d Dept 2011] [Second Department sua sponte takes action to address ineffective assistance of assigned counsel during a mother’s appeal from a Family Court finding]; Matter of Mark T. v Joyanna U., 64 AD3d 1092 [3d Dept 2009] [Third Department sua sponte takes action to address ineffective assistance of child’s counsel during appeal].)