■ In the Matter of JOANN CUNNINGHAM, Respondent, v LLOYD TALBOT JR., Appellant. (Proceeding No. 1.) In the Matter of LLOYD TALBOT JR., Appellant, v JOANN M. CUNNINGHAM ENCARNACION, Respondent. (Proceeding No. 2.) (And Another Related Proceeding.) [58 NYS3d 717]—

Peters, P.J. Appeal from an order of the Supreme Court (Rowley, J.), entered December 31, 2015 in Tompkins County, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Lloyd Talbot Jr. (hereinafter the father) and Joann Cunningham (hereinafter the mother) are the parents of a daughter (born in 2003) and a son (born in 2006). Pursuant to an order entered in December 2013, the father was awarded sole legal and physical custody of the children and the mother received supervised visitation for one hour each month. In October 2014, the mother filed a petition seeking to enforce her visitation rights as set forth in the December 2013 order, alleging that the father had been denying her visitation with the children. Thereafter, the father petitioned to modify the prior order and terminate the mother's visitation on the grounds that, among other things, the mother had abandoned the children and had a long history of substance abuse and mental health problems. In response, the mother cross-petitioned for, among other things, unsupervised visitation at least four hours per week. Following fact-finding and *Lincoln* hearings, Supreme Court awarded the mother unsupervised visitation with the children twice per month for up to six hours each visit. This appeal by the father ensued.

The father's sole contention on appeal is that the attorney for the children improperly advocated a position that was contrary to the children's expressed wishes to have no visitation with the mother. We disagree. While an attorney for the child has a duty to advocate and express the child's position to the court, such attorney may deviate from this obligation and advocate a position that is contrary to the child's express

wishes where he or she "is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; see Matter of Alyson J. [Laurie J.], 88 AD3d 1201, 1203 [2011], lv denied 18 NY3d 803 [2012]; Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093-1094 [2009]).

Here, there was ample evidence that the father had thwarted the mother's efforts to contact the children, attempted to alienate the children from the mother and manipulated the children's loyalty in order to turn them against the mother. The record further establishes that, while the mother had no contact with the children for a significant period of time prior to the commencement of the instant proceedings, the mother made efforts to rehabilitate her relationship with the children during several court-ordered visits pending resolution of the proceedings. The father's concern for the children's emotional health were they to be again abandoned by their mother and his desire to protect them from the mother's violent husband were understandable; yet, if his and the children's professed wishes were followed, the mother-child relationship would be completely severed. The attorney for the children at trial properly informed Supreme Court that the children had expressed a desire not to visit the mother (see 22 NYCRR 7.2 [d] [3]; Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012]) and, as the record evidence supports a finding that the children's wishes were both a product of the father's influence and "likely to result in a substantial risk of imminent, serious harm to [them]," the attorney for the children was justified in advocating for a position contrary to those wishes (22 NYCRR 7.2 [d] [3]; see Matter of Zakariah SS. v Tara TT., 143 AD3d 1103, 1107 [2016]; Matter of Viscuso v Viscuso, 129 AD3d 1679, 1680-1681 [2015]).

Finally, to the extent that the attorney for the children on appeal seeks affirmative relief not requested by the father, we note that the attorney for the children did not file a notice of appeal and, as such, any arguments in support of such relief are not properly before us (see Hecht v City of New York, 60 NY2d 57, 60 [1983]; Matter of Dibble v Valachovic, 141 AD3d 774, 775 n [2016]; Matter of Susan UU. v Scott VV., 119 AD3d 1117, 1119 n 4 [2014]).

Garry, Rose, Clark and Rumsey, JJ., concur. Ordered that the order is affirmed, without costs.