Matter of Payne v Montano (2018 NY Slip Op 07990)





Matter of Payne v Montano


2018 NY Slip Op 07990


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

525585

[*1]In the Matter of MARIA PAYNE, Respondent,
v
LEONARDO D. MONTANO, Respondent. ATTORNEY FOR THE CHILD, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Carman M. Garufi, Binghamton, attorney for the child, appellant.
Samantha H. Miller, Schenectady, for Maria Payne, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 7, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2004). In April 2016, the parents consented to a custody order that provided, in relevant part, for joint legal custody with primary physical custody to the mother and parenting time to the father at his home in Dutchess County on alternate weekends. In March 2017, the mother filed a modification petition seeking to eliminate the father's scheduled parenting time in favor of an arrangement that would allow the child to visit his father as he wished. The father appeared at the initial appearance on the mother's modification petition but did not appear at the scheduled fact-finding hearing held in June 2017. Following the fact-finding hearing and a Lincoln hearing, Family Court dismissed the mother's petition and the attorney for the child now appeals.
"[A] party seeking to modify a prior order of visitation is required to show a change in circumstances since entry of the prior order" (Matter of Ayesha FF. v Evelyn EE., 160 AD3d 1068, 1069 [2018], lv dismissed and denied 31 NY3d 1131 [2018]; see Matter of Porter-[*2]Spaulding v Spaulding, 164 AD3d 974, 975 [2018]). If this threshold burden is met, the party must then establish that the requested modification is in the child's best interests (see Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]; Scott Q. v Joy R., 151 AD3d 1206, 1207 [2017], lv denied 29 NY3d 919 [2017]). Generally, where Family Court's determination on a petition to modify a prior custody order is supported by a sound and substantial basis in the record, it is entitled to our deference (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018]).
The appellate attorney for the child argues that the record was not sufficiently developed to allow Family Court to find that continued parenting time with the father was in the child's best interests and the trial attorney for the child did not provide effective representation. Generally, an "attorney for the child must zealously advocate the child's position" (22 NYCRR 7.2 [d]) and, where "the child is capable of knowing, voluntary and considered judgment," must be "directed by the wishes of the child, even if the attorney for the child believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]). To this end, an attorney for the child in a custody case "must take an active role in the proceeding[]" (Matter of Carballeira v Shumway, 273 AD2d 753, 755 [2000], lv denied 95 NY2d 764 [2000]) and "help[ ] the child articulate his or her position to the court" (Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093 [2009], lv denied 15 NY3d 715 [2010]; see Family Ct Act § 241). As such, "an attorney for the child is expected and empowered to fully participate and advocate by all available means in presenting evidence on behalf of his or her client, and is fully vested with the responsibility to present any witness testimony and evidence as may be helpful in fulfilling the role of advocating for the child" (Matter of Mary BB. v George CC., 141 AD3d 759, 761 [2016]).
The mother was the only witness to testify at the fact-finding hearing. During her testimony, she confirmed the terms of the prior custody order and asserted that "there were times [the child] didn't want to go [to the father's] and . . . times he looked forward to going because of his baby brother." Without reference to specific examples or incidents, she testified that when the child returned from parenting time with the father, he was "quiet" and "irritated." When asked whether it "appear[ed] . . . from his behavior . . . that [the child] didn't want to go" to the father's, the mother responded, "Yeah." She confirmed that she filed the petition to modify custody because the child "didn't want to go" and had not visited his father since the end of February 2017. Finally, the mother testified that in April 2017, after the petition was filed, the father texted the child to advise that he would "let [him] go" and that, in sum, the child could contact him whenever he wanted to visit. During a short cross-examination, the trial attorney for the child confirmed the nature of the father's text message and that the child's adult brother was "involved in [the child's] life" but did not present any other evidence. After the Lincoln hearing, Family Court concluded that the "thin record" failed to support the mother's request for modification.
Although Family Court did not expressly find that the mother established that changed circumstances warranted consideration of the child's best interests, we have independent authority to consider this threshold inquiry (see Matter of Crystal F. v Ian G., 145 AD3d 1379, 1380-1381 [2016]); Matter of Joseph Q. v Jessica R., 144 AD3d 1421, 1422 [2016]). In our view, the conflict between the father and the child, and the child's refusal to travel to see his father, was a change in circumstances that warranted consideration of whether a modification of the prior custodial order was in the child's best interests (see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1341 [2016], lv dismissed and denied 27 NY3d 1061 [2016]).
A best interests analysis requires consideration of relevant factors including "the home environment of each parent, the relative fitness of the parents, the parents' past performance and ability to provide for the child['s] overall well-being, how faithful each party has been to prior court orders, the child['s] wishes and the willingness of each parent to foster a positive relationship between the child[] and the other parent" (Matter of Imrie v Lyon, 158 AD3d 1018, 1019 [2018] [internal quotation marks and citation omitted]). The child's wishes, though "entitled to great weight" should not dictate the result of a custodial determination (id. at 1022 [internal quotation marks and citation omitted]). As Family Court noted, parenting time with a noncustodial parent is presumed to be in the child's best interests (see Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [2018]). Further, "[u]nless the presumption is rebutted by evidence that visitation would be harmful to the child, Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent. The court's authority in this respect can no more be delegated to one of the parties than it can be to a child" (Matter of Staff v Gelunas, 143 AD3d 1077, 1078 [2016] [internal quotation marks and citations omitted]).
To effectively represent and protect a child's interests, the attorney for the child's role is twofold: (1) help the child express his or her wishes to the court, and (2) take an active role in the proceedings (see Matter of Mark T. v Joyanna U., 64 AD3d at 1093; Matter of Carballeira v Shumway, 273 AD3d at 755). By meeting with the child and informing Family Court that the child did not want to continue visitation as ordered, and by requesting and participating in the Lincoln hearing, the trial attorney for the child met the first objective. Given the mother's limited testimony, however, Family Court understandably characterized the record as "thin." In our view, the attorney for the child should have taken a more active role in the proceedings by presenting witnesses that could speak to the child's concerns and/or conducting a more thorough cross-examination of the mother. During his brief cross-examination of the mother, for example, the trial attorney for the child did not attempt to elicit any further information about his client's behavior and demeanor relative to his visits with the father. On this record, we agree with the argument made by the appellate attorney for the child that the trial attorney for the child did not provide effective assistance. Consequently, the order dismissing the petition should be reversed and the matter remitted to Family Court for further proceedings, including a new fact-finding hearing.
Garry, P.J., McCarthy, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.