Matter of Richard S. v Nowicki (2020 NY Slip Op 00963)





Matter of Richard S. v Nowicki


2020 NY Slip Op 00963


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1209 CA 19-00494

[*1]IN THE MATTER OF RICHARD S., A RESIDENT AT CENTRAL NEW YORK PSYCHIATRIC CENTER, PETITIONER-RESPONDENT,
v
JEFFREY NOWICKI, CHIEF OF MENTAL HEALTH SERVICES, CENTRAL NEW YORK PSYCHIATRIC CENTER, DANIELLE DILL, PSY.D., DEPUTY DIRECTOR, SEX OFFENDER TREATMENT PROGRAM, CENTRAL NEW YORK PSYCHIATRIC CENTER, DEBORAH MCCULLOCH, EXECUTIVE DIRECTOR, CENTRAL NEW YORK PSYCHIATRIC CENTER, AND ANN MARIE T. SULLIVAN, M.D., COMMISSIONER, NEW YORK STATE OFFICE OF MENTAL HEALTH, RESPONDENTS-APPELLANTS. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (BENJAMIN D. AGATA OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered August 29, 2018 in a CPLR article 78 proceeding. The judgment, inter alia, granted the petition, annulled an administrative determination, and determined that petitioner is entitled to order, possess and use licorice chew sticks. 
It is hereby ORDERED that said appeal from the judgment insofar as it granted the petition and annulled the determination is dismissed, and the judgment is unanimously modified on the law by vacating the second and third decretal paragraphs, and as modified the judgment is affirmed without costs.
Memorandum: Petitioner, who is currently confined at the Central New York Psychiatric Center (CNYPC), commenced this CPLR article 78 proceeding seeking to annul a determination prohibiting him from possessing or using a miswak, which is a root traditionally used by practicing Muslims for oral hygiene. Respondents now appeal from a judgment that, inter alia, granted the petition and annulled the determination.
Initially, petitioner contends that this appeal has been rendered moot because, under a new policy adopted by CNYPC subsequent to the entry of the judgment on appeal, he is permitted to possess and use a miswak. Insofar as the appeal concerns the first decretal paragraph of the judgment, in which Supreme Court granted the petition and annulled the determination, we agree, and we therefore dismiss the appeal to that extent. In light of CNYPC's new policy regarding miswak sticks, "enduring consequences" no longer flow from that decretal paragraph (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]; cf. Frederick v New York State Thruway Auth., 143 AD3d 1267, 1268 [4th Dept 2016]).
However, the appeal is not moot insofar as it concerns the second and third decretal paragraphs of the judgment, in which the court stated that petitioner is entitled to order, possess, and use "licorice chew sticks," and in which the court directed that any chew sticks confiscated from petitioner be returned to him (see generally Frederick, 143 AD3d at 1268). Although the [*2]court in the second decretal paragraph equated licorice chew sticks with miswak sticks, CNYPC's policy regarding miswak sticks does not allow petitioner to possess or use licorice. In addition, although petitioner alleged that CNYPC staff prohibited him from receiving miswak sticks that he had ordered, petitioner had in fact ordered licorice sticks, which CNYPC staff confiscated.
Furthermore, we agree with respondents that the court erred in granting petitioner relief with respect to the possession and use of licorice. Petitioner did not seek such relief in the petition (see Matter of Hawkins v New York State Dept. of Corr. & Community Supervision, 140 AD3d 34, 40 [3d Dept 2016]; Matter of Krieger v Krieger, 65 AD3d 1350, 1352 [2d Dept 2009]) and, although the court has the authority to grant relief on "terms as may be just" (CPLR 3017 [a]), we conclude that the relief granted in the second and third decretal paragraphs of the judgment "was not appropriate given the evidence presented here" (Tarsel v Trombino, 167 AD3d 1462, 1464 [4th Dept 2018]; see Hawkins, 140 AD3d at 40). Therefore, we modify the judgment by vacating those decretal paragraphs.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court