Matter of Jennifer VV. v Lawrence WW. (2020 NY Slip Op 02136)





Matter of Jennifer VV. v Lawrence WW.


2020 NY Slip Op 02136


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

527508

[*1]In the Matter of Jennifer VV., Respondent,
v
Lawrence WW., Appellant.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


The Arquette Law Firm, PLLC, Clifton Park (Tammy J. Arquette of counsel), for appellant.
Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for respondent.
Marc D. Greenwald, Albany, attorney for the children.



Garry, P.J.
Appeal from an order of the Family Court of Saratoga County (Pelagalli, J.), entered March 26, 2018, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2008 and 2012). Pursuant to an October 2015 judgment of divorce, the parties were granted joint legal and shared physical custody of the children. The parties' settlement agreement was incorporated but not merged into the judgment and included, among other things, a parenting time schedule by which the children alternated between the parents' homes several times each week.
When the parties entered into the agreement, they both resided in the City of Mechanicville, Saratoga County. Thereafter, the mother remarried and moved to a new residence in a different school district. In February 2017, she commenced this modification proceeding seeking to reduce the number of midweek transitions on the ground that, among other things, she had left her former employment and planned to stay at home with a newly born child for several years. The mother also sought an order directing that the children would attend school in the district where her new home was located. She later amended her petition to request sole decision-making authority with respect to the children's religion on the ground that the father objected to their participation in religious activities. The father opposed any modification of the existing agreement.
Following a fact-finding hearing, Family Court determined that the mother had established a change in circumstances and that the children's best interests warranted modification of the agreement. The court ordered that the parties would continue to have joint legal custody, with primary physical custody to the mother and parenting time for the father under a schedule by which the mother would have the children from Saturday morning to Wednesday morning each week, and the father would have parenting time from Wednesday after school until Saturday morning. The court further ordered that the children would attend school in the district where the mother resided, and awarded the mother sole decision-making authority regarding the children's religion, so long as there was no interference with the father's parenting time. The father appeals.
The attorney for the children (hereinafter the AFC) on appeal was the same counsel who had represented the children in Family Court. The AFC initially submitted a letter to this Court stating that he did not intend to file a brief because the children — then approximately 10 and 6 years old — were "too young to formulate an independent opinion and provide a foundation for their respective opinions" and expressing his views on the children's best interests. This Court rejected the letter and directed the AFC to submit a brief in compliance with this Court's practice rules. In response, the AFC filed a brief in which he reiterated his position as to his clients' alleged inability to form an opinion, such that "[he], as their legal advocate, should articulate what [he] believe[d] to be in their best interest at the present time." Without stating the children's preferences, the brief discussed the factors pertinent to a best interests analysis and concluded that Family Court's order was in the children's best interests and should be affirmed.
The Rules of the Chief Judge require that an AFC in a custody or visitation proceeding "must zealously advocate the child's position" (22 NYCRR 7.2 [d]; see 22 NYCRR 7.2 [c]), and further provide that, "[i]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]; see Matter of Cunningham v Talbot, 152 AD3d 886, 886-887 [2017]; Matter of Gloria DD. [Brenda DD.], 99 AD3d 1044, 1046 [2012]; Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093-1094 [2009]). The Rules establish only two circumstances in which an AFC may adopt a position that does not reflect the child's wishes — specifically, when he or she "is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; see Matter of Mark T. v Joyanna U., 64 AD3d at 1094).
The AFC here wholly failed to fulfill the obligations imposed by these provisions upon this appeal. The only stated basis for his determination to advocate for the children's best interests rather than for their wishes was their ages. However, it was the AFC's obligation to "consult with and advise the child[ren] to the extent of and in a manner consistent with [their] capacities" (22 NYCRR 7.2 [d] [1]). At 10, the older child was certainly old enough to be capable of expressing her wishes, and whether the younger child, at 6, had the capacity to do so was not solely dependent upon her calendar age, but also upon such individual considerations as her level of maturity and verbal abilities (see e.g. Matter of Schenectady County Dept. of Social Servs. v Joshua BB., 168 AD3d 1244, 1245 [2019] [AFC improperly failed to consult with child who was between 4½ and six years old during paternity litigation]; Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014] [seven-year-old child was "of an age where her wishes may be ascertained and taken into consideration"]; Matter of Seeley v Seeley, 119 AD3d 1164, 1167 [2014] [visitation matter remitted to Family Court for consideration of the wishes of child approximately nine years old]; Matter of Grant v Grant, 47 AD3d 1027, 1028 [2008] [two Lincoln hearings conducted in custody dispute involving child approximately five years old]).[FN1] The AFC did not claim that either child met either of the two exceptions to 22 NYCRR 7.2 (d) (3), i.e., a lack of capacity or risk of imminent harm, and nothing in the record reveals either circumstance (compare Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1011 [2018] [record established that children approximately six and seven years old "lack(ed) the capacity for knowing, voluntary and considered judgment due to their age(s), disabilities and the grandmother's hostility toward the mother"] [internal quotation marks and citation omitted]).[FN2] Moreover, even when it is appropriate for an AFC to substitute his or her judgment for the child's preferences, the AFC must nevertheless inform Family Court of the child's wishes if authorized by the child to do so (see 22 NYCRR 7.2 [d] [3]). Here, the AFC's brief is devoid of any indication of the children's wishes, with no reference to 22 NYCRR 7.2 or to the analysis that this rule requires an AFC to undertake before advocating for a position that does not express the child's wishes (compare Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1297 [2017]; Matter of Alyson J. [Laurie J.], 88 AD3d 1201, 1203 [2011], lv denied 18 NY3d 803 [2012]).
Additionally, although the record reveals that the AFC met with the children during the Family Court proceeding, it does not appear that he met or spoke with them again during the appeal.[FN3] The children were, "at the least, entitled to consult with and be counseled by [their] assigned attorney, to have the appellate process explained, to have [their] questions answered, to have the opportunity to articulate a position which — with the passage of time — may have changed, and to explore whether to seek an extension of time within which to bring [their] own appeal of Family Court's order. Likewise the child[ren were] entitled to be [apprised] of the progress of the proceedings throughout. It appears that none of these services was provided to the child[ren]" (Matter of Mark T. v Joyanna U., 64 AD3d at 1094-1095 [citation omitted]). The AFC thus "failed to fulfill his essential obligation," and the children did not receive the effective assistance of appellate counsel (id.; accord Matter of Lewis v Fuller, 69 AD3d 1142, 1142-1143 [2010]; see Matter of Lamarcus E. [Jonathan E.]; 90 AD3d 1095, 1096 [2011]; see also Matter of Seeley v Seeley, 119 AD3d at 1167). Accordingly, the AFC will be relieved of his assignment, the Court's decision will be withheld and new counsel will be assigned to represent the children.
Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is withheld, appellate counsel for the children is relieved of assignment and new counsel to be assigned to represent the children on this appeal.



Footnotes

Footnote 1: We further note that the AFC's statement that the children were too young to articulate "position[s] which they believe[d] to be in their best interest" misapprehends his obligation. 22 NYCRR 7.2 requires an AFC to advocate for a child's wishes. The rule does not require either the child or the AFC to make any determination as to his or her best interests; that determination is to be made by the court.

Footnote 2: The record indicates that the older child has an unspecified adjustment disorder and was unresponsive to the AFC during their initial meeting. However, the AFC stated during the fact-finding hearing that the child "loosened up a bit" in later telephone conversations and became "very verbal." In any event, the AFC made no claim that, as a result, the child lacked the capacity for knowing, voluntary and considered judgment.

Footnote 3: The AFC's brief states that it is "[b]ased on [his] reviews of the arguments of the parties, [his] trial notes and other documents in [his] file including notes taken contemporaneously when meeting with the children and the above analysis."