Matter of Hanalise S. (Ezra B.B.) (2026 NY Slip Op 01871)

Matter of Hanalise S. (Ezra B.B.)

2026 NY Slip Op 01871

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND
GREENWOOD, JJ.

7 CAF 24-02050

[*1]IN THE MATTER OF HANALISE S., MOSES B., AND
SOPHIA B. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;
andEZRA B.B., JR., RESPONDENT-APPELLANT. (APPEAL NO.
2.)

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF
COUNSEL), FOR RESPONDENT-APPELLANT.
BRENDON S. FLEMING, ACTING COUNTY ATTORNEY, ROCHESTER
(MARY M. WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.),
entered December 2, 2024. The order granted the two youngest children an order of
protection. 
It is hereby ORDERED that the case is held, the decision is reserved, counsel for the
subject children is relieved of his assignment, and new counsel is to be assigned in
accordance with the following memorandum: In this proceeding pursuant to Family Court
Act article 10, respondent appeals in appeal No. 1 from an order of protection issued in
favor of the oldest subject child. In appeal No. 2, respondent appeals from an order of
protection issued in favor of the youngest subject children. We note at the outset that
children in article 10 proceedings are entitled to effective assistance of counsel, including
on appeal (see Matter of Brian S.
[Tanya S.], 141 AD3d 1145, 1147 [4th Dept 2016]; see also Matter of Jennifer VV. v
Lawrence WW., 182 AD3d 652, 655 [3d Dept 2020]). Inasmuch as the attorney
assigned to represent the youngest children in appeal No. 2 failed to file a brief, we
conclude that, under the circumstances of this case, the attorney for the youngest children
failed to fulfill an essential obligation related to his representation and the youngest
children therefore did not receive effective assistance of appellate counsel (see
Jennifer VV., 182 AD3d at 655; Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1094-
1095 [3d Dept 2009]). Therefore, in appeal No. 2, we hold the case, reserve decision,
relieve counsel of his assignment, and direct the assignment of new counsel to represent
the subject youngest children and file a brief on their behalf. In light of our determination
in appeal No. 2 and in the interest of judicial economy, we hold the case in appeal No. 1
and reserve decision pending the assignment of new counsel and the filing of a brief in appeal
No. 2.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court