■ FRANK VERRA, Appellant, v NANCY L. BOWMAN-VERRA, Respondent. [698 NYS2d 82] —Cardona, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 5, 1998 in Warren County, which denied plaintiff's motion to amend the judgment of divorce to, inter alia, terminate his parental relationship with his daughter.

Plaintiff and defendant were married in 1981 and divorced in 1988. Two children were born during the marriage, a son in 1982 and a daughter in 1984. Under the terms of the judgment of divorce, plaintiff was obligated to pay support for the children. In August 1998, plaintiff moved for an order, inter alia, terminating his parental relationship with the daughter as well as his obligation to pay support on the ground that he was

not her biological father. Upon finding that plaintiff was equitably estopped from denying paternity, Supreme Court denied the motion without a hearing. Plaintiff appeals.

While we agree with Supreme Court that the record contains facts strongly supportive of applying the doctrine of equitable estoppel to prevent plaintiff's disclaimer of paternity, we nevertheless hold that, under the particular circumstances herein, the record is insufficient to support denial of plaintiff's application without a hearing. We note that if the proof establishes defendant's duplicity in concealing the fact that plaintiff is not the daughter's biological father, then defendant should not be entitled to rely upon a defense grounded in equity, since she herself has not done equity (*see, Grosch v Kessler*, 256 NY 477, 478). Moreover, it is settled that an estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). Here, if true, plaintiff's allegations establish that he was the victim of defendant's fraud. On the other hand, defendant's allegations do not show that plaintiff deceived her about his paternity. Absent such proof, she may be precluded from raising the doctrine of estoppel as a defense to plaintiff's application.

Even if it is determined that defendant cannot rely on the doctrine of equitable estoppel, that determination does not mean that the doctrine may not be correctly applied against plaintiff by a Law Guardian appointed to safeguard the daughter's best interest (*see, e.g. Matter of Eugene F.G. v Darla D.*, 261 AD2d 958, 958-959). The courts have recognized that the best interest of a child is served by maintaining the child's legitimacy (*see, Matter of James BB. v Debora AA.*, 202 AD2d 852, 853-854; *Matter of Sharon GG. v Duane HH.*, 95 AD2d 466, 469, *affd* 63 NY2d 859) and by " 'protect[ing] the status of a child in an already recognized and operative parent-child relationship' " (*Matter of Peter BB. v Robin CC.*, 256 AD2d 889, 890, quoting *Matter of Lorie F. v Raymond F.*, 239 AD2d 659, 660). Here, there appear to be undisputed allegations that plaintiff has maintained a close relationship with the daughter, speaking with her over the telephone on a weekly basis, sending her cards and gifts on holidays and special occasions, buying her school clothing and taking her on vacation. Although plaintiff contends that the child has known for years

that he is not her biological father, that she knows who the putative father is and has spoken to him many times, it is unknown just what her relationship is with the putative father or what impact the disruption of her father-daughter relationship with plaintiff may have upon her.

Therefore, we find that this record is insufficient to determine the applicability of the doctrine of equitable estoppel and whether the child's best interest will be served by terminating the father-daughter relationship. Accordingly, we remit this matter to Supreme Court to conduct a hearing at which time these issues may be determined (*see, Della Vecchia v Goffredo,* 203 AD2d 511, 512).

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.