■ In the Matter of CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHRISTY JJ., Respondent, v KENNETH KK., Appellant. [734 NYS2d 501] —Carpinello, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.H.O.), entered December 13, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Christy JJ.

Respondent appeals from a filiation order declaring him to be the father of a child born to Christy JJ. in November 1999. As support was sought in the paternity petition, the subject filiation order, which makes no provision for same, is not appealable without permission (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15, 16-18). We will, however, sua sponte deem the notice of appeal to be an application for permission to appeal and grant such request (see, Matter of Darla E. v Barry F., 222 AD2d 857; Matter of Discenza [Lorraine NN.] v Dann OO., 148 AD2d 196, 197-198, lv dismissed 75 NY2d 765).

Upon reaching the merits, we conclude that none of the three arguments raised by respondent has merit. The Hearing Examiner's appointment of a Law Guardian to represent respondent, who was 16 years old at the time, satisfied the requirements of Family Court Act § 262 (a) (viii). Moreover, since respondent actively participated in the hearing without objecting to the assignment of the Judicial Hearing Officer, the proceeding was not jurisdictionally defective (see, Matter of Heather J., 244 AD2d 762, 763). Finally, upon our review of the record, in conjunction with respondent's specific claims of ineffective assistance of counsel, we are satisfied that he indeed received meaningful representation (see, Matter of St. Lawrence County Dept. of Social Servs. [Julie D.] v Terry E., 229 AD2d 672).

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.