■ EVELYN N. HAMMACK, Appellant, v DAVID B. HAMMACK, Respondent. ALAN J. BURCZAK, as Law Guardian, Appellant. [737 NYS2d 702] —Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered December 5, 2000 in Clinton County, which granted defendant's motion to compel DNA testing of plaintiff and the parties' children.

Plaintiff and defendant were married July 9, 1976. During the time they cohabited, four children were born, and their ages now range from 9 to 18 years. Plaintiff commenced this action for divorce in 1995. In 1998, to resolve the parties' cross motions, the issue of permanent custody was litigated. After five days of testimony, the hearing ended in a stipulation in which defendant agreed that plaintiff would have custody,

subject to his extensive visitation rights. In January 2000, defendant moved for an order compelling plaintiff and each of the four children to submit to DNA testing for the purpose of establishing paternity. One of defendant's avowed purposes for doing so was to avoid the payment of child support. Following a fact-finding hearing, Supreme Court ordered plaintiff and the four children to submit to genetic marker testing, concluding that the statutory exceptions found in Family Court Act § 418 (a) did not bar this relief. Plaintiff and the Law Guardian appeal.

We are advised that the tests have been done, but the results have not been received in evidence. We, therefore, deny defendant's motion to dismiss the appeal as moot. Family Court Act § 418 (a) provides for genetic marker or DNA testing when a genuine controversy regarding paternity exists. In pertinent part, however, the statute also provides that "[n]o such test shall be ordered, however, upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 418 [a]). In construing this statute, we have previously held that testing should be ordered unless the court explicitly finds, because of the presumption of legitimacy, res judicata or the principles of equitable estoppel, that the child's best interests will not be served thereby (see, *Prowda v Wilner*, 217 AD2d 287, 289).

Here, we do not disagree with Supreme Court's conclusions that, based on defendant's submissions in support of his motion, neither the presumption of legitimacy nor the principles of res judicata are a bar to testing. Nor do we disagree with Supreme Court that principles of equitable estoppel are not available to plaintiff because she may have concealed the children's parentage for an extensive period of time (see, *Queal v Queal*, 179 AD2d 1070). That, however, does not end the inquiry, because the principles of the doctrine may be asserted by the Law Guardian on behalf of the children in protecting their best interests (see, *Verra v Bowman-Verra*, 266 AD2d 682, 683). Despite the existence of "equitable considerations militating in the husband's favor, in the final analysis it is the child's best interests which are paramount" (*Richard B. v Sandra B.B.*, 209 AD2d 139, 143, *appeal dismissed* 87 NY2d 861). Indeed, in its decision, Supreme Court recognized these principles, but nevertheless ordered the testing. We believe that to be error. When the principles of equitable estoppel are asserted on behalf of the children, the entirety of the circum-

stances must be considered, including such factors as: "the child's best interest in knowing, with certainty, the identity of his or her biological father; whether the movant seeks to prove or disprove his paternity; if the latter, whether the identity of others who may be proven to be the father is known or likely to be discovered, and if so, their willingness and ability to assume that role; the traumatic effect, if any, the testing procedure may have on the child; and the impact, if any, that continuing uncertainty may have on the father-child relationship, if testing is not ordered" (*Prowda v Wilner, supra* at 290). (*See, Matter of Anthony M.*, 271 AD2d 709, 711).

Moreover, the best interests of the children are generally served by maintaining their legitimacy (*see, Verra v Bowman-Verra, supra* at 683) and a father should not be permitted to bastardize children born during the marriage for his own self-interest (*see, Richard B. v Sandra B.B., supra* at 143; *Mancinelli v Mancinelli*, 203 AD2d 634, 636; *Matter of Campbell v Campbell*, 149 AD2d 866, 867). The Court of Appeals has also observed that courts are "inclined to impose equitable estoppel to protect the status interests of [children] in an already recognized and operative parent-child relationship" (*Matter of Baby Boy C.*, 84 NY2d 91, 102 n). In the case at bar, the results of the testing, which might have the effect of nullifying long-standing, extensive and loving parent-child relationships because defendant desires to avoid his child support obligations, are clearly adverse to the best interests of the children and should not be received in evidence.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the motion to dismiss the appeal is denied, without costs. Ordered that the order is reversed, on the facts, without costs, and motion to compel DNA testing denied.