■ In the Matter of TINA M. LEWIS, Appellant, v ZACHARIAS W. FULLER, Respondent. [892 NYS2d 801]—Malone Jr., J.

Ten days after respondent (hereinafter the father) was released from prison, where he served a sentence for criminal possession of a controlled substance, petitioner (hereinafter the mother) commenced this proceeding seeking to modify a prior order of custody, entered on consent of the parties in 2000, by terminating the father's visitation with the child (born in 1992) and awarding sole legal custody of the child to her. Following a *Lincoln* hearing and an evidentiary hearing, Family Court determined that the mother had not established a change in circumstances warranting a modification and dismissed the petition. Family Court additionally set a specific visitation schedule for the father. The mother appeals.

While we acknowledge the existence of extenuating circumstances in this case—including the hostility of the custodial mother—the fact is that, particularly considering the child's mature age, "[b]y proceeding on the appeal without consulting and advising [her] client, [the child's] appellate counsel failed to fulfill [her] essential obligation" (*Matter of Mark T. v Joyanna*

*U.*, 64 AD3d 1092, 1095 [2009]). Therefore, given the circumstances herein and for the reasons articulated in *Matter of Mark T. v Joyanna U.* (64 AD3d at 1093-1095), the child's appellate counsel will be relieved of her assignment, the decision of this Court will be withheld and a new appellate attorney will be assigned to represent the child to address—after consulting with and advising the child—any issue that the record may disclose.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is withheld, appellate counsel for the child is relieved of assignment and new counsel to be assigned to represent the child on this appeal.