■ In the Matter of LAMARCUS E., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JONATHAN E., Appellant. [934 NYS2d 553]—

Spain, J.P.

Respondent is the father of the subject child (born in 2002). In August 2009, while under petitioner's supervision, the father told petitioner that he intended to relocate to Connecticut in October 2009 to work and live with his girlfriend, but that he would not be taking his son with him. Thereafter, petitioner filed a neglect petition against the father alleging that he planned to permanently relocate to Connecticut without his child and without any viable plan for the child's care in his absence, and that the father planned to place the child in foster care. Upon receipt of the petition, Family Court removed the child and placed him in the custody of petitioner. The father relocated to Connecticut the next day. Following a fact-finding hearing, the father was determined to have neglected his child and, after a dispositional hearing, Family Court directed that

the child continue his placement with petitioner. The father now appeals. No appeal has been taken on behalf of the child.

The attorney assigned to represent the child on this appeal is not the same attorney who continues to represent the child in Family Court. Although the child's appellate attorney has taken a position on this appeal that is consistent with that taken by the child's attorney in Family Court, she has reported in her brief that she has not personally met with her client, who is now nine years old. She explains that the child's attorney in the ongoing proceedings in Family Court has been "able to provide me with continuing information on my client, his position and the status of the [proceedings in Family Court]." The child's appellate attorney has provided this Court with no further explanation.

Given the foregoing, we find that the child has been denied the meaningful assistance of appellate counsel (*see Matter of Jamie TT.*, 191 AD2d 132, 136-137 [1993]). Counsel's failure to "consult with and advise the child to the extent of and in a manner consistent with the child's capacities" (22 NYCRR 7.2 [d] [1]) constitutes a failure to meet her essential responsibilities as the attorney for the child. Client contact, absent extraordinary circumstances, is a significant component to the meaningful representation of a child. Therefore, given the circumstances herein, and for the reasons clearly articulated in *Matter of Mark T. v Joyanna U.* (64 AD3d 1092, 1093-1095 [2009]) and *Matter of Lewis v Fuller* (69 AD3d 1142 [2010]), "the child's appellate counsel will be relieved of her assignment[.] [T]he decision of this Court will be withheld and a new appellate attorney will be assigned to represent the child to address—after consulting with and advising the child—any issue the record may disclose" (*Matter of Lewis v Fuller*, 69 AD3d at 1143; *see Matter of Dominique A.W.*, 17 AD3d 1038, 1040-1041 [2005], *lv denied* 5 NY3d 706 [2005]).

Rose, Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is withheld, appellate counsel for the child is relieved of assignment and new counsel to be assigned to represent the child on this appeal.