Joseph Paese, Appellant, v Janamarie Paese, Respondent. [41 NYS3d 245]—

Appeal by the plaintiff, by permission, from an order of the Supreme Court, Westchester County (Linda Christopher, J.), dated September 10, 2015. The order, made during a trial in the parties' matrimonial action, denied the plaintiff access to the subject child on the ground that the plaintiff lacked standing to seek visitation. By decision and order on motion dated October 27, 2015, this Court granted the plaintiff's motion, inter alia, to stay enforcement of the order and to stay the trial.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith; and it is further,

Ordered that pending the Supreme Court's resolution of the plaintiff's request for access to the subject child, the plaintiff's access to the subject child shall continue in accordance with the schedule set forth in a corrected temporary access order of the Supreme Court, Westchester County, dated September 22, 2015.

When the plaintiff and the defendant met, the defendant had three children from prior relationships, including the subject child. The plaintiff subsequently moved in with the defendant and her children and raised the subject child as his daughter. The plaintiff and the defendant later married and then separated. After the separation, the defendant filed a petition in the Family Court seeking child support from the plaintiff for all of her children, including the subject child and

two children that the plaintiff and the defendant had together. A Support Magistrate found that the plaintiff was chargeable with the support of the subject child and his two biological children, and directed him to pay child support and contribute to child care expenses.

In May 2013, the plaintiff commenced an action for a divorce and ancillary relief in the Supreme Court. The Supreme Court consolidated the Family Court proceeding with the Supreme Court action and issued a temporary access order dated January 14, 2014, corrected on September 22, 2015, pursuant to which the plaintiff had access to the subject child and his biological children. In January 2015, the defendant moved, inter alia, to remove the subject child from the temporary access order, declare the plaintiff a third-party stranger to the subject child, and find the plaintiff in contempt for willfully violating the child support order. The Supreme Court denied the motion, determining that the defendant was judicially estopped from arguing that the plaintiff was not the subject child's parent for the purpose of visitation because she previously sought and obtained an award of child support for the child.

The matter proceeded to trial on the issue of the plaintiff's visitation. During the trial, when asked about the order denying her motion to remove the subject child from the temporary access order, the defendant testified that she did not agree with the order because, among other things, she did not believe that the plaintiff should be paying support for the subject child. The defendant later testified that she had most recently received a child support payment from the plaintiff one day earlier, and that it included support for the subject child.

The trial was to resume several weeks later, at which time the Supreme Court informed the parties that based on the defendant's clear and unequivocal waiver of child support for the subject child, the court would not direct the plaintiff to pay child support for the subject child, which was the sole basis of its judicial estoppel ruling. Therefore, the court ruled, the plaintiff did not have standing to seek visitation, his request for access to the subject child was denied, and there was no need to complete the trial with respect to visitation. The court issued an order accordingly on September 10, 2015. The plaintiff appeals.

One way that an individual may obtain standing to proceed as a "parent" is through the doctrine of judicial estoppel (see Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1 [2016]). Under the doctrine of judicial estoppel, "a party who assumes a

certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed" (*id.* at 17 [internal quotation marks omitted]). Thus, where a parent obtains an order compelling another person to pay child support based on the parent's successful argument that the other person was a parent to the child, the parent who obtained child support will be judicially estopped from taking the inconsistent position that the other person was not, in fact, a parent to the child for purposes of visitation (*see id.* at 29).

Here, the Supreme Court erred in finding that the plaintiff lacked standing to seek visitation with the subject child. The defendant was judicially estopped from arguing that the plaintiff was not a parent for the purpose of visitation. First, by asserting in her child support petition that the plaintiff was chargeable with support for the subject child, the plaintiff assumed the position before the Family Court that the plaintiff was the subject child's parent, as it is parents who are chargeable with the support of their children (*see* Family Ct Act § 413 [1] [a]). Next, based on her assertion that the plaintiff was chargeable with the subject child's support, the defendant successfully obtained an order compelling the plaintiff to pay child support for the subject child (*see Matter of Brooke S.B. v Elizabeth A.C.C.*, 28 NY3d at 28-29). Under this order, the plaintiff was required to pay child support for his children, including the subject child. Furthermore, the record does not support the court's finding that the defendant unequivocally waived the right to child support. Therefore, the defendant is judicially estopped from arguing that the plaintiff is not a parent for the purpose of visitation (*see id.*).

Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Westchester County, for completion of the trial with respect to visitation. At the continuation of the trial, the plaintiff shall be permitted to reopen his case to present evidence regarding the period since the Supreme Court issued the September 10, 2015, order appealed from. The defendant shall be permitted to continue her case from the point where it was adjourned when the Supreme Court issued that order, and she shall be permitted to supplement the evidence she has already presented with evidence regarding the period since the Supreme Court issued that order. Pending the Supreme Court's resolution of the plaintiff's request for access to the subject child, we have directed that the plaintiff shall continue to have access to the subject child

in accordance with the schedule set forth in the corrected temporary access order of the Supreme Court dated September 22, 2015.

The plaintiff's remaining contention is academic in light of the foregoing. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.