In the Matter of MARIO WW., Appellant, v KRISTIN XX. et al., Respondents. [51 NYS3d 678]—

Garry, J. Appeal from an amended order of the Family Court of Tompkins County (Rowley, J.), entered September 17, 2015, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to adjudicate petitioner as the father of a child born to respondent Kristin XX.

Respondents, Kristin XX. (hereinafter the mother) and Brad XX. (hereinafter the husband), were married in 2009 and have resided together since then. Shortly after the mother gave birth to a child in 2014, petitioner commenced this paternity proceeding alleging that he is the child's biological father. The petition requested an order for genetic testing, which respondents opposed on the grounds that the husband was presumed to be the child's father and that genetic testing would not be in the child's best interests. Respondents moved to dismiss the petition. Following a hearing, Family Court granted respondents' motion and dismissed the petition based solely upon the presumption of legitimacy, without making a determination as to whether genetic testing would be in the child's best interests. Petitioner appeals.

A court's "paramount concern" in a paternity proceeding is the child's best interests (*Matter of Kristen D. v Stephen D.*, 280 AD2d 717, 719 [2001]; *see Matter of Ettore I. v Angela D.*, 127 AD2d 6, 14 [1987]). The governing statute provides that an application for genetic testing shall be denied when a court

makes a written finding that testing "is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532 [a]; *see* Family Ct Act § 418 [a]). We agree with petitioner that, as he made the requisite threshold showing of "a nonfrivolous controversy as to paternity" (*Prowda v Wilner*, 217 AD2d 287, 289 [1995]), his request for genetic testing should not have been denied in the absence of a best interests finding.

In enacting the statutory provisions, the Legislature plainly anticipated that cases involving the presumption of legitimacy may present themselves in which, based upon all of the circumstances, it will not be in a child's best interests to order genetic testing (*see id.* at 290).[1] Although respondents ask us to find that this is such a case, we are unable to exercise our broad power of review to render the best interests determination upon the present record. The limited testimony that was taken at the hearing failed to address many of the factors that have been recognized in similar proceedings as relevant to the issue of the child's best interests. These include such factors as the child's interest in knowing the identity of his or her biological father, whether testing may have a traumatic effect on the child, and whether continued uncertainty may have a negative impact on a parent-child relationship in the absence of testing (*see Hammack v Hammack*, 291 AD2d 718, 719-720 [2002]; *Matter of Anthony M.*, 271 AD2d 709, 711 [2000]).[2]

The testimony established that respondents were still married and living together at the time of petitioner's application, and that the child, who was approximately seven months old when the hearing was completed, had lived with respondents since birth and had never met petitioner. The mother testified that she and the husband believed that the husband was the child's biological father, and that the husband was willing to raise the child as his own. Notably, the husband did not testify, but merely submitted an affidavit, briefly averring that he was happy with the child's birth, was named on the child's birth

---

**1.** We recognize that, in the larger context of domestic relations law, the significance of the presumption of legitimacy as it applies in the new arena of same-sex marriages is an evolving area of law (*see e.g. Matter of Kelly S. v Farah M.*, 139 AD3d 90, 100-104 [2016]; *Wendy G-M. v Erin G-M.*, 45 Misc 3d 574, 592-596 [Sup Ct, Monroe County 2014]; *see generally Matter of Brooke S.B. v Elizabeth A.C.C.*, 28 NY3d 1 [2016]).

**2.** The difficulty of the conflict presented is demonstrated by the fact that the two separate attorneys for the child who have acted in this matter—both of whom were compelled to substitute their judgment for that of the very young child—took opposite positions.

certificate, and held himself out to be the child's father. No evidence was offered as to the quality of his relationship with the child or the effect, if any, of uncertainty as to his biological paternity upon that relationship. Further, and significantly, the hearing did not address whether genetic testing could cause trauma to the child by potentially identifying petitioner as the child's biological father, thus disrupting the stability of the child's existing family and, as stated in cases involving equitable estoppel, interfering with "an already recognized and operative parent-child relationship" (*Matter of Lorie F. v Raymond F.*, 239 AD2d 659, 660 [1997]; *accord Matter of Kristen D. v Stephen D.*, 280 AD2d at 719).

Accordingly, the matter must be remitted for a hearing and a determination as to whether, based upon all of the circumstances, including the presumption of legitimacy, genetic testing would be in the child's best interests (*see Prowda v Wilner*, 217 AD2d at 290-291; *Matter of Gutierrez v Gutierrez-Delgado*, 33 AD3d 1133, 1135 [2006]). Petitioner's remaining contentions are rendered academic by this determination.

McCarthy, J.P., Rose, Mulvey and Aarons, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.