Appeal from a decision of the Family Court, Nassau County (Merik R. Aaron, J.), dated September 29, 2016, and separate appeals from an order of that court, also dated September 29, 2016. The order, upon the decision, without a hearing, granted that branch of the motion of nonparty Sayeed A. which was to dismiss the mother’s petition to declare Shah A. the father of the subject child.
 

 Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
 

 Ordered that the order is reversed, on the law without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.
 

 The mother commenced this proceeding pursuant to Family Court Act article 5 to declare Shah A. the father of the subject child. The mother’s husband, Sayeed A., moved, inter alia, to dismiss the petition, contending that it was barred, among other things, by the doctrine of judicial estoppel. The mother, Shah, and the attorney for child opposed the motion, arguing, among other things, that a hearing was necessary to determine the best interests of the child. The Family Court granted that branch of Sayeed’s motion which was to dismiss the petition, without conducting a hearing. The mother and the child appeal.
 

 “Under the doctrine of judicial estoppel, ‘a party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed’ ” (Paese v Paese, 144 AD3d 770, 771-772 [2016], quoting Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 17 [2016]).
 

 Nevertheless, the “paramount concern” in a paternity proceeding is the child’s best interests (Matter of Mario WW. v Kristin XX., 149 AD3d 1227, 1227 [2017] [internal quotation marks omitted]). The governing statute provides that a petition for genetic testing to determine paternity shall be denied when a court makes a written finding that testing “is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman” (Family Ct Act § 532 [a]; see Family Ct Act § 418 [a]). “[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child” (Matter of Shondel J. v Mark D., 7 NY3d 320, 330 [2006]). Similarly, the child’s best interests must be considered when applying the doctrine of judicial estoppel (see Matter of Charles v Charles, 296 AD2d 547, 550 [2002]).
 

 Here, the Family Court dismissed the petition on the ground that it was barred by the doctrine of judicial estoppel based on evidence demonstrating that the mother had named Sayeed as the child’s father in prior court filings in a related matrimonial action in which she obtained support for the child. However, the court failed to consider the child’s best interests in making that determination. Indeed, the parties made contradictory assertions in the motion and opposition papers with respect to whether Sayeed or Shah has provided support and is viewed as the father by the child. Since the petition was dismissed without a hearing, the record is inadequate for this Court to make any informed determination as to the child’s best interests (see id. at 550).
 

 Accordingly, we remit the matter to the Family Court, Nassau County, for a best interests hearing, and thereafter a new determination of that branch of Sayeed’s motion which was to dismiss the petition.
 

 Chambers, J.P., Hall, Duffy and Barros, JJ., concur.