Matter of Schenectady County Dept. of Social Servs. v Joshua BB. (2019 NY Slip Op 00335)





Matter of Schenectady County Dept. of Social Servs. v Joshua BB.


2019 NY Slip Op 00335


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526251

[*1]In the Matter of SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DENISE AA., Petitioner,
v
JOSHUA BB., Appellant.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
Mark J. Gaylord, Schenectady, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered January 8, 2018, which, in a proceeding pursuant to Family Ct Act articles 4 and 5, ordered genetic marker testing for the purpose of establishing respondent's paternity of a child born to Angelica SS.
In August 2016, petitioner commenced this proceeding on behalf of Denise AA., the grandmother of the subject child (born 2012), seeking an order of filiation against respondent, the purported father. The child's mother was not married at the time the child was born and, a year later, married her current husband. At the time that the petition was filed, the child was living with the grandmother, who was receiving public assistance benefits. In January 2018, Family Court ordered a genetic marker test of the child, the mother and respondent to confirm respondent's paternity pursuant to Family Ct Act § 532. Respondent appeals.[FN1]
"A court's paramount concern in a paternity proceeding is the child's best interests" (Matter of Mario WW. v Kristin XX., 149 AD3d 1227, 1228 [2017] [internal quotation marks and citations omitted]; see Matter of Kristen D. v Stephen D., 280 AD2d 717, 719 [2001]). Pursuant to Family Ct Act § 532 (a), a genetic marker test may not be ordered if "it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (see Matter of Christopher YY. v Jessica ZZ., [*2]159 AD3d 18, 22 [2018], lv denied 31 NY3d 909 [2018]; Matter of Mario WW. v Kristin XX., 149 AD3d at 1227-1228). In determining whether equitable estoppel should preclude a genetic marker test, "the child's reliance upon a representation of paternity
. . . is [the] primary consideration" (Matter of John J. v Kayla I., 137 AD3d 1500, 1501 [2016]).
The mother told Family Court that the child believes that the mother's husband is the father. The attorney for the child (hereinafter AFC)[FN2] informed the court that, through discussions with the grandmother, the AFC learned that the child might also hold a belief that someone else is his father. The record does not give any indication that the AFC discussed with the child his belief as to who his father is. Beyond a few short and scattered statements, there was no substantive evidence or discussion of who has a parent-child relationship with the child and whether, due to equitable estoppel, a genetic marker test would not be in the child's best interests. The court's order is reflective of this, as it strictly relates to how the test is to be carried out and contains no case-specific discussion. Accordingly, Family Court did not possess adequate information to determine the child's best interests and, as such, it erred in ordering genetic marker testing without first conducting a hearing (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6 [2010]; Matter of Christopher YY. v Jessica ZZ., 159 AD3d at 22; Matter of John J. v Kayla I., 137 AD3d 1500 at 1501).
Additionally, we find that the child did not receive the effective assistance of counsel. The record is bereft of evidence indicating that the AFC consulted with the child, who was from 4½ to 6 years old throughout the time of this litigation [FN3]. We recognize that such consultation runs the risk of raising parentage concerns not harbored by the child; nevertheless, a patient, careful and nuanced inquiry is not only possible, but necessary (see generally Matter of Lamarcus E. [Jonathan E.]), 90 AD3d 1095, 1096 [2011]). "Counsel's failure to consult with and advise the child to the extent of and in a manner consistent with the child's capabilities constitutes a failure to meet [his or her] essential responsibilities as the [AFC]" (id. [internal quotation marks and citation omitted]). Inasmuch as consultation with the child and subsequent communication of the child's position to Family Court are of the utmost importance (see Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012]), it is clear that the child did not receive meaningful representation (see Matter of Lamarcus E. [Jonathan E.], 90 AD3d at 1096; Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093-1094 [2009], lv denied 15 NY3d 715 [2010]).
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The order appealed from is not final and, therefore, not appealable as of right (see Family Ct Act § 1112 [a]). However, we deem the notice of appeal to be an application for permission to appeal and grant same (see Matter of Chemung County Dept. of Social Servs. v Kenneth KK., 288 AD2d 724, 724 [2001]; Matter of Discenza v Dann OO., 148 AD2d 196, 197-198 [1989], appeal dismissed 75 NY2d 765 [1989]). In addition, this Court granted a stay pending the appeal.

Footnote 2: This AFC was the second AFC appointed, and she appeared at only the last court appearance, when Family Court ordered the paternity test.

Footnote 3: Although the first AFC had asserted equitable estoppel as a basis for Family Court to deny genetic marker testing, this second AFC withdrew that argument, further supporting our conclusion that the child did not receive the effective assistance of counsel.