Matter of Paese v Paese (2019 NY Slip Op 06090)





Matter of Paese v Paese


2019 NY Slip Op 06090


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-05068
 (Index No. 3092/17)

[*1]In the Matter of Joseph Paese, appellant,
v
Janamarie Paese, respondent.


Baker & Hostetler LLP, New York, NY (Seanna R. Brown, Amy E. Vanderwal, and Andrew M. Serrao of counsel), for appellant.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child Isabella M.
Karen M. Jansen, White Plains, NY, attorney for the children Allesandra P. and Joseph P.



DECISION & ORDER
In a habeas corpus proceeding to obtain custody of the three subject children pursuant to Domestic Relations Law § 70, the father appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated February 13, 2018. The order denied the petition.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was for custody of the child Isabella M.; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including a hearing if necessary, and a new determination of that branch of the petition.
Joseph Paese (hereinafter the father) and Janamarie Paese (hereinafter the mother) met in 2007, at which time the mother had three children from prior relationships, including Isabella M. The father subsequently moved in with the mother and her children and raised Isabella as his daughter (see Paese v Paese, 144 AD3d 770, 770). The father and the mother married in 2010, had two children together—Allesandra P. and Joseph P.—and separated in 2013. In July 2013, the father commenced an action for a divorce and ancillary relief. While the parties stipulated to sharing joint legal custody of Allesandra and Joseph, the issue of the father's parental access with Isabella was contested. In a prior appeal in the divorce action, this Court held that "the Supreme Court erred in finding that the [father] lacked standing to seek [parental access] with" Isabella and that the mother was "judicially estopped from arguing that [he] was not a parent for the purpose of [parental access]" (id. at 772). The matter was remitted to the Supreme Court, Westchester County, "for completion of the trial with respect to [parental access]" (id.). After the trial on parental access was completed, but before the Supreme Court had rendered its decision, the father filed a petition for a writ of habeas corpus, seeking custody of Isabella, Allesandra, and Joseph. The Supreme Court issued a writ of habeas corpus, but subsequently denied the petition. Regarding Isabella, the Supreme Court reasoned that this Court's determination of the father's standing in the prior appeal was limited to parental access and did not encompass the issue of his standing to seek custody of Isabella. Regarding Allesandra and Joseph, the Supreme Court determined that the father failed to make a [*2]threshold showing of a change in circumstances. The father appeals.
"The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (David v State of New York, 157 AD3d 764, 765 [internal quotation marks omitted]). "Where a minor child is residing within this state, either parent may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court" (Domestic Relations Law § 70[a]). The court "may award the natural guardianship, charge and custody of such child to either parent for such time, under such regulations and restrictions, and with such provisions and directions, as the case may require, and may at any time thereafter vacate or modify such order" (Domestic Relations Law § 70[a]). "Only a parent' may petition for custody or [parental access] under Domestic Relations Law § 70" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 18).
Here, we disagree with the Supreme Court's determination that the father lacked standing to seek custody of Isabella. In the prior appeal, this Court expressly stated that the father had standing to proceed as Isabella's parent under Domestic Relations Law § 70 based on the doctrine of judicial estoppel (see Paese v Paese, 144 AD3d at 772). Under the doctrine of collateral estoppel, this determination was binding on the Supreme Court (see Matter of Renee P.-F. v Frank G., 161 AD3d 1163, 1165). As the term "parent" has the same definition under Domestic Relations Law § 70 whether the party is seeking custody or parental access (see Domestic Relations Law § 70; Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 14, 28-29), it is immaterial that our prior determination did not specifically mention custody when it concluded that the father had standing to seek parental access with Isabella. Since the mother is judicially estopped from arguing that the father is not Isabella's parent under Domestic Relations Law § 70, the father was free to seek custody under Domestic Relations Law § 70 as Isabella's "parent with coequal rights" to the mother (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 26 [internal quotation marks omitted]). We agree, nonetheless, with the Supreme Court's conclusion that at the time of its ruling, it was unable to determine whether it was in Isabella's best interests to be placed in the father's custody. Accordingly, we remit the matter to the Supreme Court, Westchester County, for further proceedings, including a hearing if necessary, to determine that branch of the petition which was for custody of Isabella following the receipt of the therapist's report the court previously ordered in conjunction with the parental access issue in the divorce action.
With respect to those branches of the petition which were for custody of Allesandra and Joseph, we agree with the Supreme Court's denial of those branches of the petition. The father failed to demonstrate, prima facie, that there had been a change in circumstances since the time of the custody stipulation and that it would be in the best interests of Allesandra and Joseph to change residential custody from the mother to the father (see id.; Matter of Newton v McFarlane, ___ AD3d ___, 2019 NY Slip Op 04386 [2d Dept 2019]).
In light of our determination, the remaining contention of Allesandra and Joseph has been rendered academic.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court