Matter of Joseph v Granderson (2024 NY Slip Op 01921)

Matter of Joseph v Granderson

2024 NY Slip Op 01921

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2023-06702
 (Docket No. F-9771-22)

[*1]In the Matter of Carla Joseph, appellant,
v
Stephan Granderson, respondent.

Ruth Chung, New York, NY (Jill M. Zuccardy of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated June 28, 2023. The order denied the mother's objections to an order of the same court (Denetra M. Thompson, S.M.) dated May 12, 2023, which dismissed, without a hearing, her petition for child support without prejudice.
ORDERED the order dated June 28, 2023, is reversed, on the law, without costs or disbursements, the mother's objections are granted, the order dated May 12, 2023, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.
The mother commenced this proceeding pursuant to Family Court Act article 4 against Stephan Granderson, alleging that Granderson was the father of her child, born in 2015, and chargeable with support for the child. In support of her petition, the mother submitted a birth certificate that listed Granderson as the child's father and indicated that the child was given Granderson's last name at birth, and a DNA report showing a 99.99% probability of Granderson's paternity of the child. In addition, the mother submitted a so-ordered stipulation of settlement entered into by the parties in a custody proceeding concerning the child in which the parties agreed, among other things, that it was in the child's best interests for Granderson, who was identified as "the 'Father'" of the child, to have parental access with the child at least once per week. Granderson appeared in the support proceeding but did not answer the petition or otherwise contest that he was the child's father.
In an order dated May 12, 2023, the Support Magistrate, sua sponte, dismissed the mother's petition without prejudice on the ground that the Family Court lacked subject matter jurisdiction to enter an order of child support because the parties were never married and there was no acknowledgment of parentage or order of filiation. The mother filed objections to the Support Magistrate's order, contending that the doctrine of judicial estoppel precluded dismissal of the petition. In an order dated June 28, 2023, the court denied the mother's objections. The mother appeals.
A support proceeding commenced pursuant to Family Court Act article 4 indisputably confers upon the Family Court jurisdiction to determine whether an individual parent is responsible for the support of a child (see id. § 413[1][a]; Matter of H.M. v E.T., 14 NY3d 521, 527). "[S]tatutory jurisdiction—as Family Court has—carries with it such ancillary jurisdiction as is [*2]necessary to fulfill the court's core function" (Matter of H.M. v E.T., 14 NY3d at 527). Thus, because the Family Court has jurisdiction to determine whether an individual parent is responsible for the support of a child (see Family Ct Act § 413[1][a]), in appropriate cases, it also has the inherent authority to ascertain whether a respondent is a child's parent (see Matter of H.M. v E.T., 14 NY3d at 527; Matter of Charles v Charles, 296 AD2d 547). Here, since the mother asserts that Granderson is the child's parent and therefore chargeable with child support, this proceeding is within the Family Court's article 4 jurisdiction (see Matter of H.M. v E.T., 14 NY3d at 527; Matter of Charles v Charles, 296 AD2d 547).
Morever, given the mother's evidentiary submissions, the Family Court should have granted her objections and precluded Granderson from raising the issue of paternity. Under the doctrine of judicial estoppel, "a party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed" (Matter of Arriaga v Dukoff, 123 AD3d 1023, 1026 [internal quotation marks omitted], affd sub nom. Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1; see Paese v Paese, 144 AD3d 770, 771-772). Here, Granderson successfully obtained an order awarding him parental access with the child based on his assertion that he was a parent to the child. Thus, Granderson is judicially estopped from taking the inconsistent position that he is not a parent to the child for the purpose of child support (see Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 28-29; Paese v Paese, 144 AD3d at 772).
Accordingly, we reinstate the petition and remit the matter to the Family Court, Queens County, for further proceedings on the petition.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court