M.R. v E.R. (2024 NY Slip Op 51652(U))

[*1]

M.R. v E.R.

2024 NY Slip Op 51652(U)

Decided on November 30, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2024
Supreme Court, Westchester County

M.R., Plaintiff,

against
E.R., Defendant.

Index No. XXXXX

For Plaintiff, James Rocco Monteleon, Esq., Law Offices of James Monteleon PLLC, 445 Hamilton Avenue, Suite 605, White Plains, New York 10601. 
Attorney for the Child, Candi J. Fulop, Esq., 500 Mamaroneck Avenue, Suite 320, Harrison, New York 10528.

James L. Hyer, J.

Relevant Factual and Procedural History
Plaintiff commenced this matrimonial action on August 4, 2021, through the filing of a Summons with Notice and Complaint (hereafter "Complaint"). The parties married on February 2, 2016. There is one child of the marriage, Z.R. (hereafter "Child"), born on [ . . . 2017].
The parties entered into a Stipulation Re: Child Support on August 5, 2021, whereby the parties agreed that (1) Plaintiff shall have custody of the Child, subject to the Defendant's reasonable rights of visitation; (2) Defendant will pay basic child support to Plaintiff in the sum of $333.49 per month; (3) Plaintiff shall provide health insurance for the Child; and (4) each party shall pay fifty percent (50%) of the cost of child care, unreimbursed medical expenses, education expenses and extraordinary expenses for the Child.
A Judgment of Divorce ("hereafter JOD") was entered on August 12, 2021. The JOD provided, inter alia, that (i) no prior orders from other Courts are to be continued pertaining to the Child, (ii) Plaintiff shall have custody of the Child subject to the Defendant's parenting time, and (iii) that Defendant shall pay child support to Plaintiff pursuant to the Child Stipulation.
On August 23, 2024, Plaintiff filed a motion (hereinafter "Motion Sequence #1"), seeking the entry of an order: (1) Directing Y.F. to submit to a genetic marker test; (2) [*2]Adjudicating and declaring E.R. not the father of Z.R.; (3) Adjudicating and declaring Y.F. as the father of Z.R.; (4) Vacating the "Stipulation Re: Child Support" dated July 9, 2021; (5) Amending the Judgment of Divorce, dated August 18, 2021 to remove Z.R. as a child of the marriage; and (6) For such other relief as this Court may deem just, proper, and equitable. Motion Sequence #1 was supported by an Affidavit of Y.F. (hereinafter "Y.F."). Plaintiff's counsel filed proof of service of same pursuant to the Court's directives upon Defendant and Y.F. (NYSCEF Doc. Nos. 5-6). No answering submissions were filed with the Court.
The Court entered a Decision and Order on Motion Sequence #1 on October 16, 2024 (hereafter "Decision Scheduling Hearing") wherein the following was directed:
"Based upon the foregoing, it is hereby
ORDERED that Motion Sequence #1 is granted to the extent that a hearing shall be held to address the relief requested in the instant motion, wherein all parties and counsel must be present in person, which shall commence on November 14, 2024, at 9:00 a.m.; and it is further
ORDERED that by November 1, 2024, both parties shall file with the Court (with proof of service) and serve upon each other via overnight delivery the following pre-hearing disclosure: (1) List of Witnesses to be called to testify at the hearing with the understanding that if a witness is not listed they may be precluded from providing testimony at the hearing; (2) List of Exhibits enumerating each exhibit to be utilized at the hearing with the understanding that if an exhibit is not listed it may be precluded from use at the hearing; and (3) Copies of Exhibits listed in the List of Exhibits with the understanding that if an exhibit is not filed and/or disclosed between the parties it may be precluded from use at the hearing; and it is further
ORDERED that Plaintiff's counsel shall serve this Decision and Order with Notice of Entry on Defendant by overnight delivery, on Y.F. by overnight delivery and the attorney for the Child by e-mail by October 18, 2024, and shall file an Affidavit of Service by October 18, 2024; and it is further
ORDERED that on consent, by October 31, 2024, Y.F. shall submit to a genetic marker test for paternity pertaining to the Child utilizing a New York State licensed facility; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied."
On October 17, 2024, Plaintiff's counsel filed a Notice of Entry of the Decision Scheduling Hearing (NYSCEF Doc. # 13) and proof of service of same upon Defendant and Y.F. (NYSCEF Doc. No. 14).
On October 29, 2024, Plaintiff's counsel filed proof of service of Plaintiff's Exhibit List and Witness List on Defendant and Y.F. (NYSCEF Doc. No. 15).
Defendant did not file any pre-hearing disclosure.

 Hearing
On November 14, 2024, a hearing was held wherein Plaintiff, Plaintiff's counsel and Y.F. appeared. Defendant neither appeared nor requested an adjournment of the hearing pursuant to the Court's rules. 
Exhibits:
At the hearing, the following exhibits were admitted into evidence by Plaintiff:
1. Exhibit #1 — Verified Complaint Action For Divorce, dated 8/4/2021
2. Exhibit #2 — Affidavit of Plaintiff, dated 8/4/2021
3. Exhibit #3 — Stipulation Re: Child Support, dated 7/9/2021
4. Exhibit #4 — Judgment of Divorce, dated 8/12/2021
5. Exhibit #5 — Brooklyn DNA Testing Certificate of Analysis, dated 11/27/2023
6. Exhibit #6 — Paternity Petition, dated January 5, 2023
7. Exhibit #7 — Order of Filiation, dated 4/15/2024
8. Exhibit #8 — DDC DNA Diagnostics Center DNA Test Report, dated 10/30/2024
9. Exhibit #9 — Affidavit of Plaintiff, dated 8/22/2024
10. Exhibit #10 — Photograph, undated
Plaintiff and Y.F. were the only witnesses to testify at the hearing.
Witness #1 — M.R., Plaintiff:
Plaintiff testified that she married the Defendant on February 2, 2016. Following the marriage, the parties resided in the home of Defendant's mother. Plaintiff testified that in April of 2016, she first discovered that Defendant had two teenage children from a prior relationship and that he was not financially responsible for those children. Plaintiff testified that at this time Defendant advised her that he did not want more children, despite the parties' discussions otherwise prior to the marriage. Plaintiff testified that due to these issues she separated from Defendant and has not engaged in sexual relations with him since April 2016.
Plaintiff testified that she and Y.F. commenced a relationship in September 2016, while she was still married to Defendant, and that Defendant was aware of the relationship. The Child was born on [ . . . 2017]. Plaintiff testified that Defendant neither visited her or the Child in the hospital, and that he has never met the Child. Conversely, Plaintiff testified that Y.F. was present when she gave birth and held the Child when she was born.
Plaintiff testified that the Child has resided with Plaintiff and Y.F. since birth. The Child now has a sibling because Plaintiff and Y.F. had a second child. Plaintiff testified that Y.F. is a good father and assists in the care of the Child; he participates in decisions regarding the Child's education and healthcare, and spends quality time with her.
Plaintiff testified that she contacted Defendant requesting that the parties' divorce and Defendant agreed. Defendant obtained assistance through a friend in drafting the necessary divorce documents. Plaintiff testified that Defendant's friend prepared the documents and that she signed them without the assistance of legal counsel. Plaintiff testified she was told that the Child needed to be included in the documents as a child of the marriage or the divorce would not be granted. Plaintiff further testified that while Defendant agreed to provide child support for the Child, he has never paid. Instead, Plaintiff testified that the Child's expenses are covered by her and Y.F.
When asked about the initial DNA test of Y.F. and the Child, Plaintiff testified that she sought the test to provide proof to the Court that her allegations regarding the Child's parentage are truthful.
Witness # 2 — Y.F., non-party
Y.F. testified he is joining in the Plaintiff's application. He testified that he began his relationship with Plaintiff in September 2016, that the Child is his daughter, and that he was present in the hospital when Plaintiff gave birth. Y.F. testified that he resides with Plaintiff, the Child and his second child. He testified that he has been involved in the Child's life since birth, he assists with homework and attends the Child's extra-curricular activities. He testified that he [*3]is the sole caregiver of the Child when Plaintiff is working. During that time, Y.F. feeds the children, helps with homework and discusses the day's activities with them. Y.F. was able to identify the Child's pediatrician when asked, and stated he attends the Child's doctor's appointments. Y.F. identified the name of the Child's school and testified that he attends the Child's parent-teacher conferences.
Y.F. testified he has a strong bond with the Child and he is the only father she has known. The Child refers to him as "papi" or "dad." Y.F. testified he completed a Court-Ordered DNA test this year with the Child, and confirmed that he is in possession of the results which were submitted to the Court as Exhibit 8.
Lincoln Hearing:
The Court held a Lincoln Hearing on November 20, 2024, at 4:00 p.m. (NYSCEF Doc. No. 18).

 FINDINGS OF FACT AND CONCLUSIONS OF LAW
A. Witness Credibility.
As determinations made in the context of a matrimonial action depend in large part on the court's assessments of the credibility, character, temperament, and sincerity of the parties, the trial court's determination should be accorded deference, and its determination should not be disturbed unless it lacks a sound and substantial basis in the record (Sanchez v Rexhepi, 138 AD3d 869 [2d Dept 2016]). In custody determinations " . . . the findings of the nisi prius court must be accorded the greatest respect" (Eschbach v Eschbach, 56 NY2d 167, 173 [1982], quoting, Matter of Irene O., 38 NY2d 776 [1975]). "The memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by a trial judge who sees and hears the witnesses than by appellate judges who simply read the printed record" (Barnet v Cannizzaro, 3 AD2d 745, 747 [2d Dept 1957], citing People v Gaimari, 176 NY 84 [1903]).
Here, Plaintiff and Y.F. testified credibly. Both answered the questions of Plaintiff's attorney in a forthright manner and were not evasive. Both displayed an even temperament and appeared to be sincere.
B. Plaintiff's request for an order adjudicating and declaring E.R. not to be the father of the Child and Y.F. as the father of the Child.
When discussing the presumption of paternity of a child born during a marriage and the manner within the presumption may be rebutted, the Appellate Division Second Department noted that:
" . . . a child born during marriage is presumed to be the biological product of the marriage and this presumption has been described as one of the strongest and most persuasive known to the law" (Matter of Barbara S. v Michael I., 24 AD3d 451, 452 [2d Dept 2005] [internal quotation marks omitted]; see Matter of Findlay, 253 NY 1, 7 [1930]; Matter of Walker v Covington, 287 AD2d 572 [2d Dept 2001]; Murtagh v Murtagh, 217 AD2d 538, 539 [2d Dept 1995]; David L. v Cindy Pearl L., 208 AD2d 502, 503, [2d Dept 1994]). However, the notion that the presumption of legitimacy is conclusive, such that a "court would not listen to evidence casting doubt on [the] paternity" of a married woman's husband, was rejected long ago, as recognized by the Court of Appeals in Matter of Findlay, 253 NY at 7. Rather, the presumption "may be [*4]rebutted by clear and convincing evidence excluding the husband as the father or otherwise tending to disprove legitimacy" (Matter of Barbara S. v Michael I., 24 AD3d at 452; see Matter of Findlay, 253 NY at 7; Matter of Walker v Covington, 287 AD2d at 572; Murtagh v Murtagh, 217 AD2d at 539)."
(Marilene S. v David H., 63 AD3d 949, 950-951 [2d Dept 2009]).
The facts of this case require the Court to consider the applicability of the judicial estoppel doctrine now that Plaintiff avers that the Defendant is not the Child's biological father. Indeed, not only did Plaintiff's Complaint represent that the Child was born of her marriage to the Defendant, but she has received the benefits of the JOD, in which she was awarded custody of the Child and child support from Defendant.
On the issue of judicial estoppel in paternity cases, the Appellate Division Second Department has noted that:
"[u]nder the doctrine of judicial estoppel, 'a party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed'" (Paese v Paese, 144 AD3d 770, 771—772 [2d Dept 2016], quoting Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 17 [2016]). Nevertheless, the "paramount concern" in a paternity proceeding is the child's best interests (Matter of Mario WW. v Kristin XX., 149 AD3d 1227, 1227 [3d Dept 2017] [internal quotation marks omitted]). The governing statute provides that a petition for genetic testing to determine paternity shall be denied when a court makes a written finding that testing "is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532[a]; see Family Ct Act § 418[a]). "[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child" (Matter of Shondel J. v Mark D., 7 NY3d 320, 330 [2002]). Similarly, the child's best interests must be considered when applying the doctrine of judicial estoppel (see Matter of Charles v Charles, 296 AD2d 547, 550 [2d Dept 2022])."
(Fahima A. v Shah A., 156 AD3d 876, 877 [2d Dept 2017]).
A fact-finding hearing is an appropriate vehicle for a trial Court to determine what course of action in the best interests of the subject child where a former husband moves for an order amending his divorce judgment to terminate his parental relationship with a child born during the marriage (Verra v Brown-Verra, 266 AD2d 682 [3d Dept 1999]). Accordingly, the Court held a fact-finding here to ensure that all interested parties were afforded an opportunity to be heard, including the Child, who was represented by Court appointed counsel and who participated in a Lincoln Hearing. 
It is without question that Plaintiff represented that the subject Child was born of her marriage to Defendant and that she benefitted from the entry of the JOD, which awarded her custody of the Child and child support payable by Defendant. While these facts alone may constitute a basis for the application of the doctrine of judicial estoppel in certain cases, as the instant application pertains to paternity, the Court must examine the equities to determine if the requested relief is in the Child's best interests.
Here, Plaintiff's motion is supported by Y.F., who voluntarily underwent two [*5]deoxyribonucleic acid (hereafter "DNA") tests, the result of which were offered in evidence. The first DNA Test Report (Plaintiff's Exhibit #5), was completed by Brooklyn DNA Testing and provided a probability of relationship between the Child and Y.F. as 99.9999%. The second DNA Test Report was completed by DDC DNA Diagnostics Cetner and provided a probability of paternity between the Child and Y.F. as 99.9999998% (Plaintiff's Exhibit #8). These DNA test results create a rebuttable presumption that Y.F. is the father of the Child (see Commissioner of Social Services of City of New York v Corey A., 239 AD2d 286, 287 [1st Dept 1997]; see also Karen B. v Julio Fredric C., 217 AD2d 658 [2d Dept 1995]).
Additionally, Plaintiff and Y.F. credibly testified to the strong bond that exists between Y.F. and the Child; i.e., they share a significant parent-child relationship wherein the Child recognizes Y.F. as her father. The evidence further established that the Defendant has no parent-child relationship with Child, having never met her, and did not support the Child financially or otherwise.
Based upon the submissions made to this Court, along with the unopposed testimony and evidence received at the Hearing, the Court determines that it is within the best interests of the Child to declare Y.F. the Child's father.
C. Amending the Judgment of Divorce, dated August 18, 2021 to remove the Child as a child of the marriage.
Pursuant to CPLR § 5015(a) a movant may seek relief from a prior judgment or order by motion:
"(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry; or
2. newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404; or
3. fraud, misrepresentation, or other misconduct of an adverse party; or
4. lack of jurisdiction to render the judgment or order; or
5. reversal, modification or vacatur of a prior judgment or order upon which it is based."
In discussing the timeliness of such applications and the discretion of the trial Court to grant such applications on bases other than those delineated in the statute, the Court of Appeals noted:
"Section 5015 applies not only to judgments that are still in the appellate process, as in McMahon, but also to those in which appellate review has been exhausted. Save for the one-year requirement in section 5015(a)(1) concerning excusable defaults, motions made pursuant to paragraphs (2), (3) and (5) contain no limitation of time, only a requirement that the time within which the motion is made be "reasonable" (David D. Siegel, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR C5015:3). The determination as to whether such a motion has been made within a reasonable time is within the motion court's discretion (see Third Preliminary Rep. of Advisory Comm. on Prac. and Pro., 1959 Legis. Doc. No. 17 at 205). Notably, section 5015 does not [*6]distinguish between final and nonfinal judgments, or those that have or have not exhausted the appeals process. Therefore, Nash's contentions that Supreme Court was precluded from entertaining the motion or lacked jurisdiction to vacate the judgment are without merit.
" . . . [S]ection 5015(a) makes clear that the motion court's determination to vacate a judgment is a discretionary one. It "may relieve" a litigant from a judgment "upon such terms as may be just." This language applies to all five of the enumerated CPLR 5015(a) paragraphs, in addition to qualifying the court's common-law ability to grant relief from a judgment in the interests of justice (see Ladd v Stevenson, 112 NY 325, 332 [1889]). In exercising its discretion, the motion court should "consider the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief" (Weinstein—Korn—Miller, NY Civ. Prac. ¶ 5015.03 at 50—284)."
(Nash v The Port Authority of New York and New Jersey, 22 NY3d 220 [2013]).
A motion seeking relief pursuant to CPLR § 5015(a) may be brought by any interested person, including a non-party, as discussed by the Appellate Division, Second Department. There, the appellate court held that:
"[a]n "interested person" who has standing to bring a motion to vacate or modify a judgment or order has been defined as follows: To Seek relief from a judgment or order, all that is necessary is that some legitimate interest of the moving party will be served and that judicial assistance will avoid injustice."
(Jakobleff v Jakobleff, 108 AD2d 725 [2d Dept 1985] [internal citations omitted]).
Here, despite the instant motion having been made several years following the entry of the JOD, it is determined that the motion was timely filed. The one-year time period provided by CPLR § 5015 is inapplicable in this matter because the motion involves parentage, an issue which requires the Court to determine the best interests of the Child. The Court further determines that the motion was properly brought by Defendant, who is an interested person with respect to a judicial determination of the Child's parentage.
Based upon the foregoing and the Court's determination pertaining to the parentage of the Child, Plaintiff's Motion is granted to the extent that the JOD, dated August 18, 2021, shall be amended to remove the Child as a child of the marriage.
D. Vacating the Stipulation Re: Child Support, dated July 9, 2021.
Based upon the foregoing and the Court's above determinations, Plaintiff's motion is granted to the extent that the Stipulation Re: Child Support, dated July 9, 2021, is hereby vacated.
E. Plaintiff's Request for Other Relief.
Any relief specifically not granted or otherwise addressed herein is denied.
* * *
Based upon the foregoing, it is hereby
ORDERED AND ADJUDGED that E.R. not the biological father of Z.R. (D.O.B. XX/XX/2017); and it is further
ORDERED AND ADJUDGED that Y.F. is the biological father of Z.R. (D.O.B. [*7]XX/XX/2017); and it is further
ORDERED that the JOD, dated August 18, 2021, shall be amended to remove Z.R. (D.O.B. XX/XX/2017) as a child of the marriage and an Amended Judgment of Divorce shall be entered by the Court; and it is further
ORDERED that the Stipulation Re: Child Support, dated August 18, 2021, is hereby vacated; and it is further
ORDERED that to the extent any relief has been requested and not addressed herein it is denied; and it is further
ORDERED that by December 15, 2024, Plaintiff's counsel shall serve this Decision and Order with Notice of Entry on Defendant and Y.F., and shall file an Affidavit of Service by December 15, 2024; and it is further
ORDERED that by December 15, 2024, Plaintiff's counsel shall file a proposed Amended Judgment of Divorce in accordance with the above determinations, and serve a copy on the Defendant that same day; and it is further
ORDERED that Plaintiff's counsel shall serve any Amended Judgment of Divorce executed and entered by this Court on Defendant within five (5) days of entry; and it is further
ORDERED that Plaintiff's counsel shall file with the Court an Affidavit of Service of the fully executed Amended Judgment of Divorce on Defendant prior to January 15, 2025.
Dated: November 30, 2024
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.